THE CITY OF PEORIA, Appellant, *vs.* MARY J. R. SMITH, Appellee.

*Opinion filed February 20, 1908.*

1. SPECIAL ASSESSMENTS—*rebate must be apportioned in accordance with judgment of confirmation.* The rebate provided for in section 84 of the Local Improvement act in case more money than is needed for the improvement is collected must be apportioned *pro rata,* in accordance with the terms of the confirmation judgment, among those whose original assessments were reduced upon objection as well as those whose assessments were confirmed as spread without objection, and the court cannot enter into another inquiry as to benefits.

2. SAME—*appeal may be taken from court's action in distributing rebate.* The provision of section 84 of the Local Improvement act relating to the finality of the county court's order refers to its order with reference to whether the improvement, as completed, conforms substantially to the ordinance, and does not include the matter of dividing a rebate so as to preclude an appeal from the court's decision in that respect.

APPEAL from the County Court of Peoria county; the Hon. W. I. SLEMMONS, Judge, presiding.

W. H. MOORE, (R. H. LOVETT, of counsel,) for appellant.

WALTER H. KIRK, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The city of Peoria by an ordinance levied a special tax to pave a certain street. The tax was divided into ten installments. In the original proceedings for confirmation certain property owners filed legal objections and also objections as to benefits. The court overruled the legal objections and on the trial for benefits before a jury the assessment as to the objectors was reduced approximately twenty per cent, and thereupon judgment was entered for that reduced amount against said property for which objections had been filed and entered for the full amount

232—36

against all the other property. When the work was completed the board of local improvements found that the original assessment would produce $359.55 more than the cost of the improvement, and thereupon ordered a rebate assessment roll to be filed by the superintendent of special assessments in the county court, prorating the rebate among the tracts of land for which no objections had been filed and on which the original assessment had not been reduced. Appellee herein, who is one of the property owners whose assessment was reduced by the jury, filed objections to this roll, claiming, under section 84 of the Local Improvement act, (Hurd's Stat. 1905, p. 425,) that said rebate should be divided and credited among all the various lots and parcels of land assessed in the original proceedings, in the proportion that the assessment for each lot or parcel bore to the total revised assessment of $6032.98. Upon the hearing of objections filed by appellee to said rebate assessment roll, evidence was offered, over her objection, showing that all the property in the assessment roll was practically of the same grade and elevation and relatively of the same value, exclusive of improvements, and equally benefited per front foot. The court sustained the objections of appellee and ordered that the rebate assessment roll be stricken from the records, and that the superintendent of special assessments be ordered to re-cast and re-apportion said $359.55 so that each lot or piece of land should be given credit for such part of the rebate as the amount assessed against it bore proportionately to the total assessment as finally confirmed, viz., $6032.98. From this judgment an appeal was prayed to this court.

Said section 84 of the Local Improvement act provides that within thirty days after the completion and acceptance of the work the board of local improvements shall certify the cost thereof in writing, including the amount estimated for interest, etc., to the court in which the assessment was confirmed, and if the total amount assessed exceeds the cost

so certified, all of the excess "shall be abated and the judgment reduced proportionately to the public and private property owners and shall be credited *pro rata* upon the respective assessments for said improvements under direction· of the court." It also provides that "the intent and meaning hereof being that no property owner shall be required to pay to the collector a greater amount than his proportionate share of the cost of said work and of the interest that may accrue thereon."

It is contended by appellant that under these provisions of said section 84 the county court not only had the authority, but it was its duty on this hearing, to inquire into the benefits that each piece of property assessed in the original proceedings had received from such improvement, and on the showing made by the evidence introduced that each piece had. been substantially benefited the same amount per front foot, it would thereupon necessarily follow that the property which had had its original assessment reduced by the jury was not entitled to receive any of the rebate, the contention being that the fair meaning of this section, especially the sentence "that no property owner shall be required to pay to the collector a greater amount than his proportionate share of the cost of said work," authorizes the court to give a rehearing on questions of benefits and divide the rebate accordingly. We cannot agree with this contention. The levy and collection of special assessments and special taxes under the Local Improvement act must follow the provisions of that act. Section 39 provides that the total cost of local improvements shall be proportioned equitably between the public and property assessed. Section 47 provides that when objections have been filed the court may revise and modify and re-distribute the total cost between the public and the property benefited, and may also change the manner of distribution among the parcels of private property so as to produce a just and equitable assessment. Sections 48 and 49 provide that if legal objections are over-

ruled, the question as to whether the property is benefited the amount assessed or is assessed more than its proportionate share of the cost of the improvement shall be tried by a jury; and this court has repeatedly held that on this hearing no other questions except these two can be presented to the jury for their consideration. (*Clark* v. *City of Chicago,* 166 Ill. 84; *Givins* v. *City of Chicago,* 188 id. 348.) Section 50 provides that when the amount of the assessment has been reduced by the court or jury or has been canceled, and there shall be.a deficiency in the total amount assessed, the court may have the power to distribute such deficiency among the other property assessed. Section 52 authorizes the court to modify, alter, change, annul or confirm an assessment, "and make all such orders as may be necessary to make a true and just assessment of the cost of such improvement, according to the principles of this act." Section 56 provides that the judgment of the court "shall be final as to all the issues involved," stating thereafter certain exceptions where the judgment may be modified or set aside; but these exceptions, so far as they affect the present question, tend to weaken, rather than strengthen, the contention of the appellant. Section 66 provides, among other things, that on application for judgment of sale "no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment, or the application for the confirmation thereof, and no errors in the proceeding to confirm, not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense" to said application. This court, in construing this section, has more than once held that the question of benefits or division of the cost among property owners could not be raised on application for judgment. This holding has been made in special tax as well as special assessment matters. *Pfeiffer* v. *People,* 170 Ill. 347; *Walker* v. *People,* 170 id. 410; *Johnson* v. *People,* 177 id. 64; *Gage* v. *People,* 207 id. 377.

Obviously, the intent of these sections, considered together with the rest of the act, was to require the question of benefits and the *pro rata* cost between the various pieces of property to be settled in the original confirmation proceedings and reviewed only by appeal or writ of error. The proportionate cost of the improvement between the public and private owners in special tax proceedings cannot be reviewed by the courts but the special assessment commissioner's apportionment thereof is final, (*City of Jacksonville* v. *Hamill,* 178 Ill. 235,) while in special assessment proceedings such distribution of cost between the public and private property as made by the special assessment commissioner may be reviewed by the trial court, but the latter's decision is final. (*Graham* v. *City of Chicago,* 187 Ill. 411.) Such has been the construction by this court of the Local Improvement act since its adoption. Said section 84 was amended by the legislature in 1903. If it now bears the construction contended for by appellant it would radically change all previous practice as to the time when the question of benefits to private property, the *pro rata* cost among the separate tracts and the proportionate cost between the public and private owners must be finally settled. This certainly ought not to be done by the amendment of one section of the act unless the intent of such amendment to do it is clear and manifest. We think that, reading section 84 by itself, it is quite evident that it is intended to give the court, when the board of local improvements makes its report of the cost of the improvement, the power, only, of seeing that the rebate, if any, is divided *pro rata* in accordance with the terms and conditions of the original judgment order confirming the assessment. The duty of the court under this section, on this question, is practically ministerial. The order of the court in striking the rebate assessment roll filed by the superintendent of special assessments from the record and requiring the rebate to be re-apportioned, as heretofore set out, is in accord with the law.

The precise question here involved has never been passed upon by this court, but we have had occasion to pass upon other provisions of said section 84, and what was there said tends to uphold the conclusion heretofore stated. *Case v. City of Sullivan,* 222 Ill. 56; *People v. McMahon,* 224 id. 284. See, also, *Betts* v. *City of Naperville,* 214 Ill. 380, and *City of Peru* v. *Bartels,* 214 id. 515.

Appellee contends that this appeal is unauthorized by law and should be dismissed. This contention is based upon that part of said section 84 which provides that in every assessment proceeding divided into installments the local board of improvements shall state in its certificate "whether or not the said improvement conforms substantially to the requirements of the original ordinance for the construction of the improvement, and to make an application to said court to consider and determine whether or not the facts stated in said certificate are true," etc., and thereupon the court shall fix the time and give notice of the time of hearing thereon, and if objections are filed a hearing shall be had, and "said certificate of the board of local improvements shall be *prima facie* evidence that the matters and things therein stated are true, but if any part thereof are controverted by objections duly filed upon such petition, the court shall hear and determine the same in a summary manner and shall enter an order according to the fact. Such order of the court shall be conclusive upon all the parties and no appeal therefrom, or writ of error thereto, shall be allowed to review or reverse the same." We are of the opinion that this last sentence as to the finality of the court's order refers only to that portion of this section which has to do with the court's hearing and finding on the question as to whether the improvement, as completed, "conforms substantially to the requirements of the original ordinance," and does not apply to the question of distributing the rebate.

Finding no error in the record the judgment of the county court will be affirmed.        *Judgment affirmed.*