THE PEOPLE *ex rel.* Edward G. Zilm, County Collector, Appellee, *vs.* ALIDA M. CONWAY, Appellant.

*Opinion filed Dec. 21, '11—Leave to file petition denied Feb. 9, '12.*

1. SPECIAL ASSESSMENTS—*effect of striking objections to application for judgment from files.* Striking the objections to an application for judgment and order of sale from the files and refusing to hear evidence in support of them amounts to holding that the facts stated therein constitute no legal objection to the application for judgment.

2. SAME—*section 84 of Local Improvement act confers upon court the power formerly possessed by improvement board.* Section 84 of the Local Improvement act confers upon the court wherein the assessment was confirmed the power to bind the city and the property owners by accepting the improvement as being constructed in accordance with the ordinance.

3. SAME—*a hearing must be had under section 84 after notice given.* Under section 84 of the Local Improvement act a hearing must be had upon the improvement board's certificate after notice given, and the finding of the court as to the truth of the certificate is not subject to review.

4. SAME—*assessment is not delinquent until after improvement board's certificate of completion is filed.* A special assessment is not delinquent until after the improvement board's certificate has been filed, and an application for judgment and order of sale can not be maintained until the provisions of section 84 have been complied with.

5. SAME—*court must find that improvement does or does not comply with ordinance.* Under section 84 of the Local Improvement act the court, upon the hearing on the improvement board's certificate of completion, must find that the improvement does or does not conform to the requirements of the ordinance, and if it finds the statements of the certificate are not true, the board may file additional or supplemental petitions until the court is satisfied of the truth of the certificate.

6. SAME—*court has no power to accept bond of contractor on the hearing under section 84.* If the court, on the hearing under section 84 of the Local Improvement act, finds against the allegations of the certificate, it has no power to accept a bond of the contractor to do the work required to make the improvement conform to the ordinance, as the object of section 84 is to require performance before acceptance.

7. SAME—*when an objector may show, on application for sale, that improvement does not conform to ordinance.* If the court, on the hearing under section 84, finds against the allegations of the certificate of completion but approves the certificate upon accepting a bond of the contractor to complete the work but without any further steps being taken by the improvement board or any finding that the improvement has been completed in accordance with the ordinance, property owners who filed objections on the hearing may show, on application for judgment and order of sale, that the contractor did not complete the improvement in accordance with the ordinance.

APPEAL from the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

JAMES J. CONWAY, for appellant.

RECTOR C. HITT, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

To an application for judgment against the property of the appellant for the delinquent first installment of a special assessment for a brick pavement the appellant filed objections, which, upon motion of the attorney for the People, were stricken from the files, the court holding that no evidence could be introduced to sustain them. Judgment was entered against the property, from which this appeal has been prosecuted.

The assessment was for paving certain streets in Ottawa, two of which (Washington and Paul) lie immediately adjacent to the appellant's property. The objections state that on December 19, 1910, the board of local improvements filed their certificate of completion and acceptance of the work in the office of the county clerk. On January 5, 1911, objections were filed to the approval of the certificate, charging, in substance, among other things, that the foundation course upon which the brick were laid was not constructed according to the ordinance; that the brick, gravel,

sand and cement and asphalt filler were not the kind pre-scribed in the ordinance; that the streets had not been ex-cavated to within two inches of the sub-grade and then brought to the true grade with a roller, as provided in the ordinance, and especially was this true opposite the prop-erty of the appellant; that the interstices of the brick were not filled with asphalt filling; that on Washington street, in front of the appellant's property, a sewer had been con-structed on the south side of the street a short time before the improvement, and the earth was neither tamped nor rolled where the sewer was filled, so that the pavement above the sewer settled down until it was several inches lower than the grade of the street; that the city engineer and contractor attempted to rectify the defect by taking up the brick and raising the grade by placing sand under the brick, but that the improvement, after being re-constructed, was still below grade and the surface water remained along the street in front of appellant's property; that at this place several bricks had come apart to the extent of one-half inch or more, some ends being depressed while others were ele-vated; that the brick used were not those prescribed in the ordinance, but were imperfect, cracked, broken and chipped, and are not laid in straight lines but in curved and crooked lines, and that, contrary to the ordinance, portions of brick were used smaller in size than a quarter of a brick.

The objections to judgment stated on January 28, 1911, a hearing was had upon the objections to the approval of the certificate of completion, and the court entered an order directing that certain curbing on Superior street should be re-faced and re-lined; that the brick in the gutter on Wash-ington street, from the alley west of appellant's property east to the inlet at the intersection of Washington and Paul streets, be re-laid at the grade established; that the gutter on the east side of Paul street, to a point two hundred feet south of the intersection of Paul and Washington streets, be re-laid at the established grade; that the asphalt filler

on a part of Jackson street should be replaced, and that all crossing plates not in accordance with the ordinance should be re-set.

It was further stated that on February 15, 1911, the contractor filed a bond in the sum of $2000, conditioned for the faithful performance of the uncompleted portions of its contract, which was approved by the court over the objection of appellant, and thereupon the court entered an order which, after reciting the previous order of January 28, provided as follows: "And it appearing to the court that the Illinois Cement Construction Company has entered into bond to faithfully do and perform the work required to be done in the further completion of its contract with the city of Ottawa, and that said bond is good and sufficient security for the performance of said work, it is therefore ordered that the certificate of completion is approved and confirmed," etc.

The objections further allege that the contractor, during April, 1911, made a pretense to complete the work adjoining the property of appellant, but that it did not remove the pavement on Washington street from the alley east to Paul street and re-pave the same, as ordered by the court, but it removed and re-set a portion of the pavement, only; that in tearing up the pavement it broke off large pieces of nearly all of the brick and then re-set the same brick instead of using new ones; that the brick, as re-set, in many places had a space of from one and one-half to two inches between them; that the water would not drain from said portions of the street any better than it would before the contractor was ordered to re-lay the pavement; that the asphalt poured between the brick was not composed of the material nor in the same proportions as provided in the ordinance; that none of the cast-iron crossing plates had been re-set, and that nearly all of them were warped and in some places were over an inch above the level of the adjoining surface; that the concrete curb constructed on the

south side of Washington street was composed of clay and other inferior materials; that at no time since the orders of January 28 and of February 15 had the board of local improvements inspected the work for the purpose of ascertaining whether the contractor had complied with the order of the court, and there had not been filed in the office of the county clerk any certificate of completion since the pretended completion of the work, nor had the county court approved the work as the same was supposed to have been completed; that the appellant had been unable to find a bond signed by the contractor under the order of February 15; that before appellant could be compelled to pay the first installment the work should have been completed in compliance with the order of the county court and inspected by the board of local improvements, and the certificate of completion issued by the board should have been approved by the court; that sections 42 and 84 of the Local Improvement act are unconstitutional, being in conflict with the fourteenth amendment of the Federal constitution and the second section of the bill of rights of the constitution of the State of Illinois.

Striking the objections from the files and refusing to hear evidence in support of them amounted to holding that the facts stated constituted no legal objection to the application for judgment. It is sought to sustain the ruling on the ground that where an improvement has been provided for by an ordinance and has been accepted by the city authorities, objections that it has not been completed in accordance with the terms of the ordinance, or that the work done or materials used were not of as good quality as required by the ordinance, cannot be raised upon an application for judgment and order of sale, as was held in *People v. Whidden,* 191 Ill. 374, and *People v. Bridgeman,* 218 id. 568. That, however, is not the question presented here. By the amendment of section 84 of the Local Improvement act in 1903 the power theretofore exercised by the board of

local improvements to determine whether a local improvement had been constructed in accordance with the improvement ordinance, and to bind the city and the property owners by its acceptance, was taken away and conferred upon the court wherein the assessment had been confirmed. (*Case* v. *City of Sullivan,* 222 Ill. 56.) That section requires a certificate of the cost of a local improvement to be filed by the board of local improvements, and that whenever the assessment is divided into installments, as was the case here, the board of local improvements shall also state in said certificate whether or not the said improvement conforms substantially to the requirements of the original ordinance for the construction of the improvement. A hearing must be had upon such certificate after notice given, and the finding of the court as to its truth is conclusive and not subject to review. We have held that a special assessment is not delinquent until after this certificate has been filed, and that an application for judgment of sale before such section has been complied with cannot be maintained. (*Gage* v. *People,* 219 Ill. 634.) It is essential that it should be so, for otherwise the property owner would have no opportunity to have the judgment of a court as to whether the improvement conformed to the ordinance, but might be compelled, without remedy, to pay for an improvement different from that authorized by the ordinance. We said in *Case* v. *City of Sullivan, supra,* on page 61: "We think the amendment to section 84 was passed mainly to prevent a local improvement not constructed substantially in accordance with the improvement ordinance being foisted upon property owners by the action of the board of local improvements, and was intended to afford the property owner, as well as the city, a speedy and summary hearing on that question before the tribunal wherein the assessment was confirmed, before the property owner should be required to pay his assessment or the city to issue improvement bonds in payment thereof."

Section 84 provides that if the court shall find against the allegations of the certificate the board of local improvements shall procure the completion of said improvement in substantial accordance with the ordinance, and may file additional or supplemental petitions in respect thereto until the court shall be eventually satisfied that the allegations of such certificate or petition are true and that said improvement is constructed in substantial accordance with the said ordinance. The court found against the allegations of the certificate and required certain changes to be made and additional work to be done. According to the averments of the objections no further application or petition was filed by the board of local improvements, no effort was made to complete the improvement in substantial accordance with the ordinance, and nothing further was done except that the contractor entered into a bond to faithfully do and perform the work required to be done in the further completion of its contract with the city of Ottawa, which bond the court found to be good and sufficient security for the performance of said work, and an order was thereupon entered that the certificate of completion be approved. No finding has ever been made that the improvement conforms substantially to the requirements of the original ordinance, and, of course, none could be made under the circumstances alleged. The bond was not authorized by the statute and the court was without authority to consider it. It was not an equitable proceeding. The duty of the court was plain, upon the proper certificate being filed, to find that the improvement did or did not conform to the requirements of the ordinance. The very object of the section was to provide, not for security, but for the actual performance of the work and the adjudication of the court that it had been performed in accordance with the ordinance before the property owner could be called on to pay. This was not done if the averments of the objections were true, and the

appellant should have been permitted to prove them if she could.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*