ARWIN E. PRICE, Appellee, vs. THE BOARD OF LOCAL
IMPROVEMENTS et al. Appellants.

*Opinion filed December 16, 1914—Rehearing denied Feb. 4, 1915.*

1. SPECIAL ASSESSMENTS—*section 84 of the Local Improvement act, as amended in 1903, construed.* Section 84 of the Local Improvement act, as amended in 1903, which requires the board of local improvements to make a certificate as to whether the improvement, as constructed, conforms substantially to the ordinance and to make an application to the court for a hearing on such question, applies only where the assessment is divided into installments, but as respects other assessments the law remains as it was before the amendment.

2. SAME—*amendment of section 84 gives court power to · say whether improvement conforms to ordinance.* The effect of the amendment of 1903 to section 84 of the Local Improvement act is to take away from the board of local improvements and confer upon the court the power to determine whether an improvement, the assessment for which is divided into installments, has been constructed substantially in compliance with the ordinance providing therefor.

3. SAME—*inconsistent provisions are repealed by amendment of section 84.* The effect of amending section 84 of the Local Improvement act, in 1903, without changing section 83 or certain portions of section 84, is to create apparently inconsistent provisions, and while it is the duty of the court to reconcile such provisions with the amendment so far as that is possible, yet if they cannot be brought into harmony with the amendment they must be held to have been repealed thereby.

4. SAME—*when the board of local improvements may be compelled to make certificate under amended section 84.* In case the assessment for an improvement is divided into installments, it is the duty of the board of local improvements, within thirty days after the contractor has completed his work, to make · the certificate required by amended section 84 of the Local Improvement act whether the board is willing to accept the improvement or not, and if the board refuses to make the certificate it may be compelled by *mandamus* to do so.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding.

EUGENE CLIFFORD, for appellants.

CHARLES H. FISHER, ERNEST C. LUTHER, and WIL-LIAM E. PERCE, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Arwin E. Price, filed in the circuit court of Kane county his petition for a writ of *mandamus* commanding the appellants, the Board of Local Improvements of the City of Elgin and its members, to certify to the county court the cost of paving a part of Walnut avenue, in said city, by the appellee under an ordinance of the city authorizing the improvement, and to state in said certificate whether or not the improvement conformed substantially to the requirements of the ordinance for its construction, and to make application to the court to consider and determine the fact and take such further steps and proceedings as are prescribed by section 84 of the Local Improvement act. The petition alleged that the relator completed the improvement on April 15, 1911, and that it had been approved and accepted by the board. The appellants answered, denying that the relator completed the improvement on April 15, 1911, or at any other time, or that the work had been approved or accepted by the board, and the answer specified many particulars in which it was alleged that the improvement did not conform to the ordinance. The relator filed a general demurrer to the answer, which was sustained, and appellants having elected to abide by their answer, the court entered judgment awarding the writ. The Appellate Court for the Second District affirmed the judgment and granted a certificate of importance and an appeal to this court.

The contract is the same which was made the basis of an action on the case by which the relator sought to recover the contract price by suit against the city of Elgin on account of the neglect and refusal of the board of local

improvements to certify the completion of the work to the county court. We decided that such refusal did not render the city liable for the contract price. (*Price* v. *City of Elgin*, 257 Ill. 63.) The present controversy is whether section 84 requires the board of local improvements, upon the completion of the work, to make a certificate to the county court and submit to the court the question whether or not the improvement has been completed in substantial compliance with the ordinance providing for it although that fact is disputed by the board and the improvement has not been accepted.

Prior to July 1, 1903, the Local Improvement act provided that the work to be done pursuant to contracts for local improvements should in all cases be done under the direction and to the satisfaction of the board of local improvements, and all contracts made therefor must contain a provision to that effect, and the acceptance of the improvement by the board should be conclusive upon the parties, leaving any property owner injured by a failure to construct the improvement according to the ordinance to recover the amount of his injury in an action on the case against the municipality making the improvement. In 1903 section 84 was amended, and the amendment was, in part, as follows: "In every assessment proceeding in which the assessment shall be divided into installments it shall also be the duty of the board of local improvements to state in said certificate whether or not the said improvement conforms substantially to the requirements of the original ordinance for the construction of the improvement, and to make an application to said court to consider and determine whether or not the facts stated in said certificate are true; and thereupon the court shall, upon such application, fix a time and place for hearing upon the said petition, and shall enter the same of record, such time to be not less than fifteen (15) days after the filing of such certificate and application." This was followed by a provision that public

notice should be given of the time and place fixed for the hearing, and at the time and place so fixed, or at any time thereafter, the court should proceed to hear the application and any objections which might be filed thereto, and upon such hearing the certificate of the board of local improvements should be *prima facie* evidence that the matters and things therein contained were true, and if any part thereof were controverted the court should hear and determine the same and enter an order according to the fact, which should be conclusive upon the parties.

The amendment relates to that class of improvements in which the assessment is divided into installments, and so far as any other assessments are concerned the law remains as it was before the amendment. It was evidently intended to make an exception of assessments divided into installments, payable in the future, against which bonds are issued, and make provision that as to such assessments the decision of the board should not be conclusive, either against the property owners bound to pay the assessments or the contractor claiming he had fulfilled his contract. It was therefore determined to commit the decision of that question to the county court, with notice and opportunity of all parties to be heard, leaving the certificate of the board to have *prima facie* effect, only. The amendment took away from the board of local improvements, and conferred upon the court, the power to finally determine whether a local improvement has been constructed substantially in accordance with the ordinance providing for it. (*Case* v. *City of Sullivan,* 222 Ill. 56.) In creating the exception section 83 and portions of section 84 were not changed, so that they now present a diversified appearance, with apparently inconsistent provisions. We need not say, however, that so far as the amendment is not in harmony with section 83 or other portions of section 84 the amendment must prevail. (*Lang* v. *Friesenecker,* 213 Ill. 598.) So far as possible the inconsistent language of those sections must be

brought into harmony with the amendment, (*City of Chicago* v. *Reeves*, 220 Ill. 274,) but in so far as that cannot be done the express amendment has the effect of repealing contrary provisions. While the words "final completion and acceptance" retain their full meaning as to improvements where the assessment is not divided into installments, it is beyond question that the General Assembly intended that the court, and not the board, shall pass upon the question whether an improvement conforms substantially to the ordinance. To say that an acceptance is still necessary in the case of an assessment divided into installments, payable in the future, would be to say that the amendment has no meaning. By the amendment the board of local improvements is required to ask the court to consider whether or not the facts stated in the certificate of the board are true and whether or not the improvement conforms to the ordinance, and this makes it the duty of the board to make the certificate within thirty days after the improvement has been completed. The General Assembly could not have intended that the improvement should be completed in the sense that it fulfills all the particulars of the contract and ordinance, since they are required to submit that question to the court, but the meaning is that the certificate shall be made within thirty days after the work is finished or brought to a close, whether the board considers it in substantial compliance with the ordinance or not. The assessment in this case was divided into installments, and the duty is one which may be enforced by *mandamus.*

Objection is made to the form of the judgment as being uncertain with respect to the court in which the certificate is to be filed, but we do not find any uncertainty in that respect. The command to file the certificate and take the steps required by section 84 necessarily implies that the certificate is to be filed in the county court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*