(No. 14067.—Reversed and remanded.)
THE CITY OF EAST PEORIA, Appellee, *vs.* DAN R. SHEEN,
Appellant.

*Opinion filed October 22, 1921.*

1. SPECIAL TAXATION—*what findings of county court are conclusive upon completion of work.* Under section 84 of the Local Improvement act the order of the county court upon the hearing on the certificate of the final completion and acceptance of an improvement is final and conclusive as to the cost of the improvement, the amount required to pay accruing interest on bonds or vouchers issued to anticipate collection of the special tax, and whether or not the improvement conforms substantially to the requirements of the ordinance.

2. SAME—*what objection not precluded by order approving certificate of completion of work.* The order of the county court approving the certificate of completion of the improvement, under section 84 of the Local Improvement act, does not preclude an objector from a hearing on his petition alleging that a consent decree was previously entered by stipulation providing for a reduction in the assessment, that the assessment roll was never changed in accordance with such decree and that there was never any effective confirmation of the roll.

3. SAME—*motion to strike objector's petition admits facts stated therein.* A motion to strike an objector's petition and objections from the files is in the nature of a general demurrer and admits the facts alleged in the petition.

APPEAL from the County Court of Tazewell county; the Hon. CHARLES SCHAEFER, Judge, presiding.

CLYDE CAPRON, for appellant.

J. P. ST. CERNY, Corporation Counsel, (W. J. REARDON, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On July 22, 1919, the city of East Peoria, in Tazewell county, passed an ordinance for the construction of a local improvement by grading, paving and curbing North Main

street, to be paid for by special taxation. An assessment roll amounting to $36,702.42 was presented to the county court of Tazewell county and an application was made for the confirmation of the same. The total cost of the improvement was assessed upon private property and no part of it upon the public. The property of the appellant, Dan R. Sheen, had been taxed to the aggregate amount of $7396.45, and he and others filed objections to the confirmation. A stipulation was entered into between the city and the objectors, providing that the city should bear the expense of excavating for the improvement and certain other things specified in the stipulation, which items were to be eliminated from the cost of the improvement and taxed as public benefits to the city. Upon the stipulation being entered into, the objections were withdrawn and the court entered a decree in conformity with the stipulation, providing that the assessment roll as modified by the stipulation should be amended, corrected and changed so as to eliminate the expenses mentioned in the stipulation and the same should be charged as public benefits to the city and the other items should be levied and assessed as a special tax against the property, and it was ordered that the assessment roll as so modified and amended be confirmed. On December 20, 1920, the board of local improvements filed in the county court a report alleging the completion of the improvement and the acceptance thereof by the board, certifying that the assessment roll as modified and reduced by the court by judgment of confirmation on September 18, 1919, had been put in proper form and the assessment as so confirmed divided into installments, as directed by the ordinance. The report stated that the total cost of the improvement was $43,628.75 and that there was a deficiency of $7852.68, and it prayed for a confirmation of the report. Objections were filed by the appellant that the work had not been completed in accordance with the ordinance and that the city had neglected and refused to perform its part in accordance with the consent decree.

The court overruled the objections and entered a decree finding the facts stated in the certificate to be true; that the work had been completed and conformed substantially to the requirements of the original ordinance; that the amount of the assessment did not exceed the cost of the improvement and the amount estimated to be required to pay interest on bonds and vouchers issued to anticipate collection, and that the assessment theretofore confirmed should not be abated or reduced. The appellant thereupon filed his petition, supported by affidavit, alleging that the city had disregarded the conditions of the consent decree and failed and neglected to comply with the same; that the assessment roll had not been amended, corrected or changed; that the city had never filed an assessment roll so amended, corrected and changed and had not reduced the amounts of the assessment against the lots of the appellant but had proceeded under the original assessment roll, which had never been confirmed by the court, and that the city was demanding from appellant the payment of the first installment of the tax without eliminating the items specified in the stipulation and consent decree. By the so-called petition the appellant objected to further proceedings for the collection of the tax against his property and asked the court to compel the changes in the assessment roll, eliminating the items which should be charged as public benefits by the stipulation and consent decree. The court sustained the motion of the city to strike the petition from the files, and this appeal was prosecuted.

Counsel for the city contend, first, that the appeal should be dismissed because the statute forbids an appeal from an order of court confirming and approving a certificate of the completion of the work and its acceptance; and second, that while the assessment may not have been modified as it should have been, there is no proceeding in the record by which the court was asked to ascertain the proper amount of tax against the appellant's property under the stipulation and consent decree.

Section 84 of the Local Improvement act provides for a certificate by the board of local improvements of the final completion and acceptance of an improvement, and that the order of the court thereon shall be conclusive on all parties and no appeal therefrom or writ of error thereto shall be allowed to review or reverse the same. The order of the court was conclusive as to the cost of the improvement, the amount required to pay accruing interest on bonds or vouchers issued to anticipate collection, and whether or not the improvement conformed substantially to the requirements of the ordinance. The finding of the court as to these facts is conclusive and not subject to review. *(City of · Peoria* v. *Tichenor,* 251 Ill. 495; *Village of Niles Center* v. *Schmitz,* 261 id. 467.) The provision of section 84, however, relates only to the finality of the county court's order as to these facts and does not include other matters, such as providing a rebate or the question raised by the appellant's petition, so as to preclude an appeal from the court's decision on such questions. *(City of Peoria* v. *Smith,* 232 Ill. 561.) The order of the court in this case not only included the facts as to which the order was final, but also that the assessment should stand as previously confirmed by the court. The consent decree was of an interlocutory nature, providing that the assessment roll should be amended, corrected and changed in accordance with the stipulation, and it purported to confirm the assessment roll as so modified and amended. If the assessment roll was never changed or amended and the items to be charged as public benefits eliminated the assessment roll did not come within the terms of the consent decree, there was never any effective confirmation of it, and the appellant had a right to a hearing and determination of that question. The city was attempting to establish a lawful charge against the property of the appellant, and it was incumbent upon it to maintain its charge by virtue of a valid assessment roll.

The motion to strike the petition and objections from the files was in the nature of a general demurrer admitting the facts alleged and it was error to strike them from the files. For that error the judgment is reversed and the cause remanded.

*Reversed and remanded.*