(No. 19679.—

THE BLACKHAWK CONSTRUCTION COMPANY *et al.* Appellants, *vs.* THE VILLAGE OF HOMEWOOD *et al.* Appellees.

*Opinion filed February 18, 1931—Rehearing denied April 8, 1931.*

SCHUYLER, WEINFELD & PARKER, (WILLIAM C. GRAVES, C. ERNEST HEATON, and HENRY E. JACOBS, of counsel,) for appellants.

WINTERS, STEVENS, RISK & GRIFFITH, (JULIAN CLAY RISK, GEORGE M. STEVENS, and MELVIN L. GRIFFITH, of counsel,) for appellees.

Mr. COMMISSIONER PARTLOW reported this opinion:

Under a special assessment proceeding filed in the county court of Cook county the board of local improvements of the village of Homewood on October 25, 1926, entered into

a written contract with the Blackhawk Construction Company for a sewer system, consisting of a disposal plant, a 24-inch outlet about one mile long and lateral drains about thirty-four miles long, at a total cost of almost $500,000. The contractor claims that the work was completed about December 14, 1927, and that the board of local improvements failed to file in the county court a certificate of cost and completion. On June 15, 1928, the contractor filed in the county court its petition, alleging, in substance, that it had constructed the work in substantial compliance with the ordinance more than thirty days prior to the date of the filing of the petition, that the improvement was then in use by the village, and that the board of local improvements had failed to file its certificate as provided in section 84 of the Local Improvement act. The prayer was for a rule on the board to file the certificate or to show cause why it did not do so. The court ordered the board to file its certificate within ten days or show cause why the same should not be filed. The board filed a certificate in which it set up the making of the contract, the completion of the work, and alleged that the board unanimously voted not to accept the work, for the reason that it was not completed in substantial compliance with the ordinance and contract; that there was an excessive infiltration of ground water in the sewer over the entire system, and particularly in the last mile in the main outlet immediately above the disposal plant; that this excessive infiltration was due to defective workmanship, material and faulty construction of the joints between the sections of tile; that the contract and ordinance provided that the degree of tightness of the joints should be such that after the system was completed, and before any house connections were made, the ground water leakage under a saturated soil should not exceed 5000 gallons per mile of sewer per day; that during the construction of the sewer the contractor represented to the board that owing to the wetness of the soil it would be very difficult, if not impos-

sible, to construct a tight joint by using a hot-poured bituminous joint, but that by using a prestite bituminous joint, which is called a "pre-cast joint," it could construct a tighter and more satisfactory joint, and that the contract provided that use of pre-cast bituminous joints would be considered a compliance with the ordinance; that thereupon the contractor proceeded to use the prestite bituminous joint, which, if properly installed, would have produced as satisfactory a joint as the hot-poured joint provided for in the ordinance. The certificate described certain tests made on January 25, 1928, and May 14, 1928, in the 24-inch outlet, and alleged that the large quantity of infiltrated ground water passing through the sewer reduced the capacity of the plant approximately fifty per cent. The certificate then gave a statement of cost of the improvement, the amount required to pay interest on bonds and vouchers, and concluded by asking the court to consider and determine whether the facts stated in the certificate were true and whether the contractor had built the improvement in substantial compliance with the ordinance. Evidence was heard upon both sides as to the manner in which the sewer had been constructed, the condition of the joints and the amount of ground water passing through the sewer. At the close of the evidence leave was granted certain attorneys to appear as additional counsel for the contractor and for George Repp, who held some of the bonds. Paul E. Klapsteg and Amanda Klapsteg, as property owners, obtained leave to file objections to the acceptance of the improvement, their objections being substantially the same as set forth in the answer of the board of local improvements. They were granted leave to file an affidavit in support of their motion to file objections. Appellants made a motion to strike this affidavit and these objections from the files, which motion was overruled. At the close of the evidence appellants submitted to the court a written order containing findings of fact and conclusions of law to the effect that the improvement had been completed

in substantial compliance with the contract and ordinance. The court refused to enter this order. On April 5, 1929, an order was entered which found that the improvement had not been completed in substantial compliance with the ordinance; that the certificate of costs and completion, in which the board of local improvements certified that the contract had not been completed in compliance with the ordinance, was true and the board was ordered to proceed to complete the improvement in substantial accordance with the ordinance. From that order an appeal has been prosecuted to this court.

A motion has been made in this court to strike the bill of exceptions from the files and dismiss the appeal on the ground that section 84 of the Local Improvement act provides that the order of the court shall be conclusive upon all of the parties and no appeal therefrom or writ of error thereto shall be allowed to modify or reverse the same. It is insisted by appellants, under this motion, that the provisions of section 84 apply only to an appeal to reverse an order based upon a misconception by the trial court as to the facts; that the right of appeal is not denied under section 84 where errors of law are made, where there is a controversy relative to a proper construction of the section, or where questions of law arise which require the determination of the trial judge sitting as a court; that an appeal lies under section 123 of the County Court act (Cahill's Stat. 1929, p. 856,) where questions of law, the construction of statutes, the competency of evidence and the construction of contracts are involved, and that this appeal is under section 123 even though the questions may have arisen while the court was proceeding under section 84 of the Local Improvement act.

Section 83 of the Local Improvement act authorizes the board of local improvements to make contracts, receive all bonds, do all acts pertaining to the execution of the work and fix the time for the commencement and the comple-

tion of the work. It provides that all work must be done under the direction and to the satisfaction of the board, and all contracts must contain a provision to that effect. Section 84 provides that within thirty days after the final completion and acceptance of the work the board of local improvements shall cause the costs thereof to be certified in writing to the court, together with an amount estimated necessary to pay the accruing interest on bonds. Provision is made for a rebate, if one is necessary. If the assessment is divided into installments the board in said certificate must state whether or not the improvement conforms substantially to the requirements of the ordinance and must make application to the court to determine whether the facts stated . in the certificate are true. The court shall fix a time and place for a hearing by giving notice as therein provided, and at the time and place for such hearing the court shall proceed to hear the application and any objections which may be filed, and the certificate of the board shall be *prima facie* evidence that the matters therein stated are true. If any facts are controverted the court shall hear and determine the same in a summary manner and shall enter an order according to the fact, and such order shall be conclusive upon all the parties and no appeal therefrom or writ of error thereto shall be allowed to review or reverse the same.

In *Price* v. *Board of Local Improvements,* 266 Ill. 299, and *White* v. *City of Ottawa,* 318 id. 463, it was held that the amendment of section 84 in 1903 took from the board of local improvements and vested in the county court the authority to determine whether the work was done substantially as provided in the ordinance and contract. It has also been held that this section confers power on the county court to bind the city and the property owners by accepting improvements as properly constructed. (*People* v. *Conway,* 253 Ill. 140; *Case* v. *City of Sullivan,* 222 id. 56.) Section 84 has been held constitutional in *People* v. *Omen,* 290 Ill. 59, *People* v. *Martin,* 243 id. 284, and *People* v.

*Cohen,* 219 id. 200. Under section 84 the order of the county court finding that the work conforms to the contract is conclusive as to all questions of fact which the court is required to find. (*City of East Peoria* v. *Sheen,* 299 Ill. 185; *City of North Chicago* v. *McHugh,* 289 id. 121; *Nitsche* v. *City of Chicago,* 280 id. 268; *City of Peoria* v. *Tichenor,* 251 id. 495; *City of Lincoln* v. *Harts,* 250 id. 273; *Martin* v. *McCall,* 247 id. 484.) In *City of Peoria* v. *Tichenor, supra,* it was held that where each assignment of error questions the action of the county court on findings under section 84 that the improvement was in substantial conformity with the ordinance the appeal from such an order must be dismissed. In *City of East Peoria* v. *Sheen, supra,* it was held that under section 84 the order of the county court was conclusive and not subject to appeal as to the cost of the improvement, the amount required to pay accruing interest on bonds and whether or not the improvement conformed substantially to the requirements of the ordinance, and that section 84 relates only to the finality of the court order as to the facts and does not include any other matters. To the same effect is *City of Peoria* v. *Smith,* 232 Ill. 561.

Section 123 of the County Court act (Cahill's Stat. 1929, p. 856,) provides that appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the county court to the Supreme Court or Appellate Court in proceedings for the confirmation of special assessments, in proceedings for the sale of lands for taxes and special assessments, and in all common law and attachment cases and cases of forcible detainer and forcible entry and detainer. Such appeals and writs of error shall, when not otherwise provided for, be taken and prosecuted in the same manner as appeals from and writs of error to the circuit courts. Section 95 of the Local Improvement act provides that appeals from final judgments or orders of any court may be taken to the Supreme Court in the manner provided

by law, by any of the owners or parties interested in lands taken, damaged or assessed. It has been held that this last section does not cut off the right of the city to appeal but that the city has the right to appeal under section 123 of the act relating to courts. *City of Chicago* v. *Hulbert,* 205 Ill. 346; *City of Bloomington* v. *Reeves,* 177 id. 161.

Under these statutes and authorities an order of the county court entered under section 84 of the Local Improvement act is conclusive only as to the facts required to be found by the court under that section. The order is not conclusive as to any other matter or thing not provided for in that section. As to all such other matters not provided for in the section, appellants in this case, if any such matters exist, have a right of appeal to this court under section 123 of the County Court act, and the motion to dismiss the appeal and strike the bill of exceptions from the files is overruled.

Appellants insist that the question before the court was not whether the improvement was completed in substantial compliance with the ordinance and contract, but the question was whether the board of local improvements should file a certificate of completion or should show cause why such certificate should not be filed, and therefore the court decided the case on an issue not before it; that the certificate contained no statement whether the improvement conformed substantially to the requirements of the ordinance, and the order finding that the improvement had not been completed in substantial compliance with the ordinance is invalid and not within the jurisdiction of the court, and that the mere statement as to what the board of local improvements claimed and recited as its opinion, without any positive allegation as required by the statute, is not sufficient and cannot be made the basis for conferring jurisdiction for the purpose designated under section 84.

Section 84 provides that the certificate of completion and costs shall be filed within thirty days after the work is

completed. No positive provision is made for proceedings where the board of local improvements is of the opinion that the work is not done in substantial compliance with the ordinance and contract. In *Price* v. *Board of Local Improvements, supra,* this court considered that question under section 84. On page 303 it was said: "By the amendment the board of local improvements is required to ask the court to consider whether or not the facts stated in the certificate of the board are true and whether or not the improvement conforms to the ordinance, and this makes it the duty of the board to make a certificate within thirty days after the improvement has been completed. The General Assembly could not have intended that the improvement should be completed in the sense that it fulfills all the particulars of the contract and ordinance since they are required to submit that question to the court, but the meaning is that the certificate shall be made within thirty days after the work is finished or brought to a close, whether the board considers it in substantial compliance with the ordinance or not." Under this authority it was the duty of the board of local improvements to file a certificate within thirty days regardless of its views with reference to the character of the work done. The question of the sufficiency of this certificate to give the court jurisdiction to hear the matter under section 84 was not raised in the trial court, and that question is raised on this appeal for the first time. Evidence was offered on the trial on both sides as to the character of the work done. After the evidence was taken, and before the decision, appellants asked the court to enter an order which recited that the matter came on for hearing upon the motion of the contractor for the entry of an order finding that the improvement had been constructed in substantial compliance with the ordinance; that no property owner or person interested as a tax-payer had appeared or filed any objections to the approval of the costs and completion of the improvement; that the court had jurisdiction of the

cause and the subject matter, and that the improvement had been completed in substantial compliance with the ordinance. In appellants' brief it is contended that the trial court erred in refusing to enter this order. Appellants evidently thought at that time that the certificate was sufficient to give the court jurisdiction to enter an order finding that the work was completed in substantial compliance with the ordinance. If the certificate was sufficient to give the court jurisdiction to find that the work was completed in substantial compliance with the ordinance it was sufficient to sustain a finding to the contrary.

It is next insisted that the order is invalid because it fails to indicate wherein there was a failure to comply with the contract. Section 84 provides that if any part of the certificate is contravened by objections duly filed, "the court shall hear and determine the same in a summary manner and shall enter an order according to the fact." In *Price* v. *Board of Local Improvements, supra,* it was held that the court had jurisdiction to determine whether the contract had been fully performed, and if not, to determine in what particular it had not been performed and to set in motion the machinery by which the board of local improvements should cause the work to be completed. In *City of Belvidere* v. *Iles,* 330 Ill. 31, it was said: "If objections are filed thereto the court is charged with the duty of hearing and determining the facts and entering an order accordingly. * * * Unquestionably the intent and meaning of the statute is precisely as has been said in some of the cases cited— that the court is required to make an order according to the fact." In *People* v. *Conway,* 261 Ill. 26, it was held that the court had jurisdiction to require the changes to be made and the additional work to be done. Section 84 means that where objections have been filed to the certificate and there is a controversy as to the manner in which the work has been done the court shall hear evidence and enter an order according to the facts. If the court finds that the work

has not been done in substantial compliance with the ordinance, the finding must be sufficiently specific to inform the board of local improvements and the contractor as to what shall be done to complete the improvement according to the ordinance. This sewer was thirty-four miles long and cost about $500,000. The finding of the court was merely that it was not completed in substantial compliance with the ordinance. This was not sufficiently specific and was not in accordance with the provisions of section 84.

Appellants insist that the contractor is not a guarantor of the result or of the satisfactory operation of the work constructed; that his only duty is to construct the work in substantial compliance with the ordinance, and he is not responsible for a failure of the plans and specifications or the engineering design to accomplish the result anticipated by the municipality, and that there is no competent evidence upon which the court in this case could make any particular finding that the contractor failed to construct the improvement in substantial compliance with the ordinance. Appellees admit that if the sewer had been built in a workmanlike manner, using the material as provided in the specifications, the contractor could not be held responsible for any excessive infiltration, and that the only duty of the contractor was to construct the improvement in substantial compliance with the contract and ordinance. The weight of the evidence and the findings of fact as made by the court are not before this court for review.

It is next insisted that there is no basis upon which the court could enter an order finding that the work was not done in substantial compliance with the ordinance for the reason that the municipality and its officers are estopped from offering evidence to that effect; that officials will not be permitted to testify contrary to their official acts; that the evidence offered by appellees is in direct contradiction of the acts and conduct of the board of local improvements, its officers and agents, during the construction of the im-

provement; that the contractor constructed this improvement in strict compliance with the directions of the board, its officers and agents and under constant inspection by them, and therefore the board will not now be heard to deny that the work was constructed in substantial compliance with the ordinance, and that the board and the property owners will not be permitted to stand by and permit the contractor to complete the improvement at great expense and then come into court and contend that the improvement has not been constructed in substantial compliance with the ordinance, in the absence of a showing as to concealment, fraud or collusion. Under section 84 the tribunal having jurisdiction to determine the character of the work is the court in which the assessment was confirmed. The board of local improvements cannot accept an improvement or bind the property owner or the municipality. If the formal action of the board can have no such effect, the conduct of its officers, agents, engineers and inspectors cannot create an estoppel. In the cases cited by appellants in support of this contention the conduct which amounted to an estoppel was the conduct of the party who had the right to accept or reject the work and not the party who had no such power. Here, after the testimony was closed two property owners asked leave to file objections to the acceptance of the improvement. Permission was granted and they became objectors to the improvement and they are parties to this appeal. The failure of the board of local improvements, its engineers or inspectors to object to improper workmanship or material during the progress of the work is not binding upon these property owners.

The order of the county court is reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*