(No. 20767.—)

THE CITY OF ALTON, Appellee, *vs.* JOHN H. HELLRUNG *et al.* Appellants.

*Opinion filed December 17, 1931.*

TERRY, GUELTIG & POWELL, for appellants.

C. C. ELLISON, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The city of Alton filed its petition in the local city court for the levy and confirmation of a special assessment to defray the cost of constructing sewers in and paving portions of Hayden and West Nineteenth streets in that munici-

pality. Objections to the confirmation of the assessment were overruled and judgment of confirmation was entered. Subsequently the board of local improvements filed in the city court its certificate of the completion and cost of the improvement and asked a hearing to determine whether the facts stated in the certificate were true. Notice of the application was given and John H. Hellrung, Josephine M. Brown and H. C. Gerke filed objections thereto. Upon the city's motion, the objections were stricken and the objectors were allowed, within a time specified, to file objections of "a more concise, pertinent and apropos nature." The objectors elected to abide by their original objections and offered to introduce evidence in support of them. The court refused to hear the evidence offered, and entered an order finding that the certificate was true and approved and confirmed it. From that order the objectors prosecute this appeal.

The contention of the appellants is that the city court erred in striking their objections and in refusing to hear the evidence offered to sustain them. The appellee, on the contrary, insists that the appeal should be dismissed because, it asserts, section 84 of the Local Improvement act forbids a review of an order of court confirming a certificate of the completion and cost of an improvement filed in accordance with the provisions of that section.

Section 84 of the Local Improvement act (Cahill's Stat. 1931, p. 374; Smith's Stat. 1931, p. 521), provides that within thirty days after the final completion and acceptance of the work, the board of local improvements shall cause the cost thereof to be certified in writing to the court in which the assessment was confirmed, together with an amount estimated by the board to be required to pay the accruing interest on bonds or vouchers issued to anticipate collection of the assessment. If the assessment exceeds the sum of the cost of the improvement and such interest, the assessment shall be abated to the extent of the excess. In

case the assessment is divided into installments, the board of local improvements is obliged to state in its certificate whether the improvement conforms substantially to the requirements of the ordinance directing its construction and to make an application to the court to determine whether the facts stated in the certificate are true. The section requires the court to fix a time and place for a hearing upon the application, and not less than fifteen days' notice of the hearing by posting and publication must be given. The certificate of the board is made *prima facie* evidence of the matters stated in it, but if any part of the certificate is controverted by objections filed, the duty devolves upon the court to hear the evidence, determine the issue in a summary manner and enter an order according to the fact. The section provides that the order shall be conclusive upon all the parties and that no appeal or writ of error shall be allowed to review it.

The provision of section 84 requiring a hearing upon the certificate of the completion and cost of a local improvement and the objections thereto is mandatory (*People* v. *Conway,* 253 Ill. 140). A final order of a court of competent jurisdiction entered after such a hearing is, by the same section, made conclusive of the issue whether the improvement conforms substantially to the requirements of the ordinance, of the cost of the improvement and of the amount required to pay accruing interest on bonds or vouchers issued to anticipate collection of the special assessment. (*City of East Peoria* v. *Sheen,* 299 Ill. 185). With respect to such questions of fact, the order is not reviewable by appeal or writ of error. *Village of Niles Center* v. *Schmitz,* 261 Ill. 467; 4 Mason on Special Assessments, (2d ed.) p. 1939.

A final order of a court purporting to be made pursuant to section 84 of the Local Improvement act is not, however, conclusive of any matter not presented for determination by the certificate filed by authority of that section. (*Black-*

*hawk Construction Co.* v. *Village of Homewood,* 343 Ill. 182). Section 123 of the County Court act (Cahill's Stat. 1931, p. 937; Smith's Stat. 1931, p. 931), allows appeals to or writs of error from the Supreme or Appellate Courts to review the final orders, judgments and decrees of the county courts in proceedings for the confirmation of special assessments, in proceedings for the sale of lands for taxes and special assessments, and in all common law, attachment, forcible detainer and forcible entry and detainer cases. Such appeals and writs of error shall, when not otherwise provided, be taken and prosecuted in the same manner as appeals from and writs of error to circuit courts. By section 95 of the Local Improvement act (Cahill's Stat. 1931, p. 378; Smith's Stat. 1931, p. 526), owners or parties interested in lands taken, damaged or assessed, may appeal to the Supreme Court, in the manner prescribed by law, from the final judgments or orders of any court made in the proceedings provided for by the act. It follows that with respect to matters finally adjudicated upon or concerning the certificate and objections thereto filed under section 84 of the Local Improvement act but not within the scope of that certificate, a review may be sought by authority of section 123 of the County Court act and section 95 of the Local Improvement act. *Blackhawk Construction Co.* v. *Village of Homewood, supra; City of Peoria* v. *Smith,* 232 Ill. 561.

Certain objections which appellants interposed to the certificate of completion and cost were available only against the application for confirmation of the special assessment. Judgment of confirmation had been rendered and such objections were therefore properly stricken by the city court. Other objections, however, charged that the improvement had not been constructed in conformity with the provisions of the ordinance and that the improvement had not been completed. By these objections the appellants raised issues of fact which section 84 required the city court to determine.

The striking of the available objections and the refusal to allow a hearing thereon were unwarranted. The city court's order was therefore erroneous and statutory provisions to which reference has been made authorize the present appeal.

The order of the city court is reversed and the cause is remanded to that court.

*Reversed and remanded.*