THE GJELLEFALD CONSTRUCTION COMPANY, Inc., Appellant, *vs.* THE CITY OF SOUTH BELOIT *et al.* Appellees.

*Opinion filed October 22, 1932—Rehearing denied Dec. 9, 1932.*

LANGWORTHY, STEVENS, McKEAG & McCORNACK, (B. F. LANGWORTHY, of counsel,) ·for appellant.

WELSH & WELSH, (C. K. WELSH, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The city of South Beloit, through its proper officers, passed an ordinance on July 14, 1930, providing for the construction of a system of sewers in certain streets in that municipality. On July 24, 1930, it filed its petition in the county court of Winnebago county for a special assessment against the property to be benefited by the improvement. An assessment was confirmed in the sum of $126,363.41. On December 9, 1931, the board of local improvements of the city, in accordance with section 84 of the Local Improvement act, filed in the county court its certificate of the completion and cost of the improvement and asked for a hearing to determine whether the facts stated in the certificate were true. The certificate set forth that the work had been finally completed and accepted by the board; that its cost, including lawful expenses, was $92,133.61; that the amount estimated by the board which would be required to pay bonds and vouchers, and accruing interest thereon, issued to anticipate the collection of the assessment, was $21,593.45; that the total amount assessed for the improvement on public and private property was $126,363.41; that the total amount assessed exceeded the cost of the improvement and the amount estimated to be required to pay bonds and interest by $12,636.35, which sum should be abated; that the assessment had been certified for collection; that the first installment thereof had become due and payable, and the judgment entered in the proceedings should be reduced that amount *pro rata* upon the remaining nine installments. The certificate also stated

that the improvement conforms substantially to the require-
ments of the original ordinance for the construction thereof.

The county court ordered a hearing on the certificate
be had at ten o'clock A. M. on December 28, 1931, and
that all objections thereto be filed prior to that time. Ob-
jections were filed December 16, 1931, by the appellant con-
tracting company. Those objections were, that the amount
estimated by the board of local improvements which will
be required to pay bonds and vouchers, and accruing inter-
est thereon, issued to anticipate the collection of the as-
sessment, is insufficient and the amount recommended to
be rebated should be correspondingly less. The hearing on
the certificate was postponed from December 28 to Decem-
ber 30, 1931, and at that time, over the objection of counsel
for the contracting company, the court authorized objec-
tions to be filed on or before January 5, 1932, on behalf
of 164 property owners whose names appeared on the as-
sessment roll filed in the proceedings and who had previ-
ously objected to the confirmation thereof. These objec-
tions, as filed, related to the cost of the improvement, and
stated that the certificate did not set out in particular the
various items making up the totals specified in the certifi-
cate, and that the item of $21,593.45 estimated by the board
to be required to pay bonds and vouchers, and accruing
interest thereon, issued to anticipate the collection of the
assessment, was unreasonably excessive, and that it was
illegal to include in this item anything except accruing
interest. After one or more continuances a hearing was
had on the certificate and the objections to it. The court
overruled all objections except those which related to the
estimated amount required to meet interest on bonds and
vouchers.

The amount of the first installment was $15,633.62 and
each of the other nine installments was $12,303.31. The
first installment had been levied and all but $2557.54 had
been collected prior to the application by the board of local

improvements to the county court for confirmation of the certificate of final completion and acceptance of the work. It was agreed that if the last nine installments have the same percentage of delinquencies the sum delinquent on each installment would be $2021.33. The sum of $21,-593.45 set forth in the certificate of the board was intended to provide not only for interest but also for deficiencies and delinquencies in the collection of the assessment. The court cut the interest item from $21,593.45 to $8957.12, and found the total assessment exceeded the cost of the improvement, after allowing the amount for interest, by $25,272.68. Judgment was entered abating and reducing proportionately all the assessments by the amount of the excess and ordering each installment abated twenty per cent and the judgment correspondingly reduced. From that order of the county court the contracting company has perfected an appeal.

The objecting property owners have filed a motion in this court to dismiss the appeal on the ground that the objections of appellant only put in issue the amount required to pay accrued interest on bonds or vouchers issued to anticipate collection of the assessment, which issue was but one of the three questions of fact to be heard and determined by the court pursuant to section 84 of the Local Improvement act. (Smith's Stat. 1931, p. 521.) That motion has been reserved until the final consideration of the case. In opposition to it appellant asserts that the county court should not have permitted the objections of the property owners to be filed and should not have considered such objections, and that the court erred in ordering the first installment of the assessment to be reduced or abated when that installment had been placed in collection and a large portion thereof paid. It was held in *Blackhawk Construction Co.* v. *Village of Homewood*, 343 Ill. 182, that an order of the county court entered under section 84 of the Local Improvement act in regard to the

completion of the improvement is conclusive only as to the facts required to be found by the court under that section and is not conclusive as to any other matter or thing not provided for in that section, but as to all such other matters there is a right of appeal under section 123 of the County Court act. In *City of Alton* v. *Hellrung,* 346 Ill. 325, this court said: "With respect to matters finally adjudicated upon or concerning the certificate and objections thereto filed under section 84 of the Local Improvement act but not within the scope of that certificate, a review may be sought by authority of section 123 of the County Court act and section 95 of the Local Improvement act." In *City of East Peoria* v. *Sheen,* 299 Ill. 185, it was held that under section 84 the order of the county court was conclusive and not subject to appeal as to the cost of the improvement, the amount required to pay accruing interest on bonds or vouchers issued to anticipate collection, and whether or not the improvement conformed substantially to the requirements of the ordinance, and that section 84 relates only to the finality of the court order as to those facts and does not include any other matters, such as providing a rebate. Under those authorities the motion of appellees to dismiss the appeal is overruled.

Appellant's contention that the court erred in filing the objections of the property owners and thereafter hearing and considering the same is based chiefly upon the wording of a part of section 84. That section provides that the board of local improvements shall make application to the court to determine whether the facts stated in its certificate of final acceptance and completion of the work are true. Thereafter the court shall fix a time and place for a hearing upon the application, and not less than fifteen days' notice of the hearing by posting and publication must be given. The statute recites: "At the time and place fixed by such notice, or at any time thereafter, the court shall proceed to hear said application and any objections which

may be filed thereto within the time fixed in such order, and upon such hearing the said certificate of the board of local improvements shall be *prima facie* evidence that the matters and things stated are true, but if any parts thereof are controverted by objections duly filed upon such petition, the court shall hear and determine the same in a summary manner and shall enter an order according to the fact. Such order of the court shall be conclusive upon all the parties and no appeal therefrom, or writ of error thereto, shall be allowed to review or reverse the same." In this case the objections complained of were filed by leave of court after the time set therefor in the court's original order. It will be noted that the statute states the court shall proceed to hear the application at the time and place fixed by such notice, "or at any time thereafter." This clearly contemplates authority to postpone or continue the hearing for any good cause shown. We can see no reason why the court should not be authorized to permit objections to be presented at any time before hearing, provided such objections are filed within a reasonable length of time, so that the rights of no person interested in the proceedings would be impaired. It appears in *Blackhawk Construction Co.* v. *Village of Homewood, supra,* which was a hearing in the county court of Cook county under section 84 of the Local Improvement act, that after the testimony was closed two property owners asked leave to file objections to the acceptance of the improvement. Permission was granted by the court and they became objectors to the improvement and were parties to an appeal. The power of the court to grant such permission to the objectors was not discussed in the opinion in that case and was doubtless not raised. Though the sections of the Local Improvement act were not the same as the one involved in this case, we think the doctrine announced in *City of Peru* v. *Bartels,* 214 Ill. 515, and *Village of DesPlaines* v. *Winkelman,* 270 id. 149, is applicable here. In those cases it was stated that

the allowance of amendments to objections filed in a special assessment proceeding and the granting of permission to file additional objections are matters within the sound discretion of the court, which will not be reviewed unless the discretion has been abused.

Appellant also contends that the court improperly and illegally ordered the first installment of the assessment reduced when that installment had already been placed in collection, and that such reduction should have been confined to the second and succeeding installments. Section 84 provides that within thirty days after the final completion and acceptance of the work the board of local improvements shall cause the cost thereof to be certified in writing to the court in which the assessment was confirmed, together with an amount estimated by the board to be required to pay the accruing interest on bonds or vouchers issued to anticipate collection of the assessment. If the assessment exceeds the sum of the cost of the improvement and such interest, the assessment shall be abated to the extent of such excess and shall be credited *pro rata* upon the respective assessments for the improvement under the direction of the court. The statute recites that "if prior to the entry of the order abating and reducing said assessment the same shall have been certified for collection pursuant to the provisions of section 61 of this act as herein amended, and any of the installments of such assessments so certified for collection have become due and payable, the reduction and abatement above referred to shall be made *pro rata* upon the other installments." The record shows the certificate of final completion and cost of the improvement presented to the court by the board of local improvements on December 9, 1931, stated that the assessment had been certified for collection, that the first installment had become due and payable, and that the judgment entered should be reduced in the amount recommended *pro rata* upon the remaining nine installments. Obviously, an installment

which was in the process of collection or had been collected could not be readily abated. The court was advised from the certificate filed that the first installment was due and payable, and the order of the court dated March 8, 1932, that each installment of each assessment be abated twenty per cent must have been inadvertently drawn and entered. The judgment or order to comply with the statute should have been entered so that any necessary reduction or abatement required be made *pro rata* upon such other installments as were not due and payable.

Appellant further contends that the evidence produced on the hearing did not warrant the finding made by the county court whereby the assessments upon the property for the work done were reduced twenty per cent. Various figures, and suppositions based thereon, are presented in appellant's briefs tending to show that there may be insufficient funds to meet the bonds to be issued in payment of the work. The original objections filed by appellant stated that the amount estimated by the board to be required to pay bonds and vouchers, and accruing interest thereon, issued to anticipate the collection of the assessment, was insufficient; that about sixteen per cent of the first installment of the assessment remained uncollected by the city, and that a surplus of ten per cent of good assessments should be retained to insure prompt payment of bonds and interest. Under the present statute, the estimate required to be made by the board of local improvements under section 84 should include an amount reasonably necessary to pay accruing interest on bonds or vouchers issued to anticipate collection of the assessment, but no authority is given to include any amount for the payment of principal on such bonds or an item of ten per cent for contingencies, as appears to be the contention of appellant. The question of the actual, total cost of a local improvement, as provided for under an ordinance authorizing the same, is one of fact, and from the evidence presented thereon the court

having jurisdiction makes its finding, which we have held under our statute to be conclusive. The facts required under section 84 to be included in the certificate to be filed by the board of local improvements are, first, the cost of the improvement; second, the amount estimated by the board to be required to pay accruing interest on bonds or vouchers issued to anticipate collection; and third, whether or not the work substantially conforms to the provisions of the improvement ordinance. If objections are filed thereto the court is charged with the duty of hearing and determining the facts and entering an order accordingly, from which there shall be no right of review. (*City of Belvidere* v. *Iles*, 330 Ill. 31; *Monahan* v. *City of Wilmington*, 328 id. 242.) In *City of Alton* v. *Hellrung, supra,* this court said: "The provision of section 84 requiring a hearing upon the certificate of the completion and cost of a local improvement and the objections thereto is mandatory. (*People* v. *Conway*, 253 Ill. 140.) A final order of a court of competent jurisdiction, entered after such a hearing, is by the same section made conclusive of the issue whether the improvement conforms substantially to the requirements of the ordinance, of the cost of the improvement and of the amount required to pay accruing interest on bonds or vouchers issued to anticipate collection of the special assessment. (*City of East Peoria* v. *Sheen*, 299 Ill. 185.) With respect to such questions of fact the order is not reviewable by appeal or writ of error.—*Village of Niles Center* v. *Schmitz*, 261 Ill. 467; 4 Mason on Special Assessments, (2d ed.) p. 1939."

The county court's decision in this case as to the reasonable amount of interest required to pay accruing interest on bonds and vouchers issued was reached after evidence pertaining thereto was presented, and we think the court's conclusion thereon was final and is not subject to review by this court upon the record presented. If it should develop that the collections from the assessment roll

and interest thereon are insufficient to pay off and retire the bonds necessary to be issued in payment of the improvement, the Local Improvement act provides for such re-assessment as may be necessary to pay such indebtedness.

The judgment and order of the county court are hereby modified so that the rebate authorized shall be applicable *pro rata* to installments not due and payable and is otherwise affirmed.

*Judgment modified and affirmed.*