## Belle B. DeClercq

### v.

## The Barber Asphalt Paving Company.

#### Filed at Ottawa June 8, 1897.

1. Taxes—*distinction between a tax and a special assessment.* A tax is levied for a general or public purpose and lessens the value of the property, while a special assessment is levied for a special purpose, and is made in the ratio of benefits accruing to the property from the improvement.

2. Landlord and tenant—*a covenant to pay taxes does not cover special assessments.* A covenant in a lease whereby the lessee agrees to pay "all the water tax and one-half of all other taxes" levied on the demised premises during the term, does not cover special assessments levied against the property for local improvements.

3. Evidence—*presumption that words of contract are used in their usual sense.* The words in a contract will be presumed to have been used in the sense in which they are used and understood by the courts of justice.

Writ of Error to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. John Barton Payne, Judge, presiding.

Matthews & Hughes, for plaintiff in error:

Where a tenant agrees to pay all taxes assessed during the continuance of the lease, he will be bound to pay assessments for paving and curbing an adjacent street. 12 Am. & Eng. Ency. of Law, 1022.

An exemption from taxation, being an exception, is strictly construed. *Cassiday* v. *Hammar*, 62 Iowa, 359.

A covenant in a lease to pay all taxes and duties levied and to be levied on the property during the term binds the lessee to pay an assessment for the laying out of a street. *Blake* v. *Barker*, 115 Mass. 188.

Under the present constitution, special taxation of contiguous property and special assessments for local improvements are regarded as species of taxation,—not as impositions for the purposes of revenue, but as charges

inseparably incident to the location of the property assessed, with respect to other property. *Railroad Co.* v. *Joliet,* 153 Ill. 649.

Taxation for general corporate purposes must be uniform, while for local improvements it may be by special tax or by way of special assessment upon the contiguous property. Thus such special assessments are recognized as a mode of municipal taxation. *Adams County* v. *Quincy,* 130 Ill. 566.

WARREN & COX, for defendant in error:

Parol evidence is inadmissible to vary, enlarge, restrict or contradict a written contract. 4 Am. & Eng. Ency. of Law, 564; Parsons on Contracts, (6th ed.) 547.

The testimony of parties to a written contract as to what they understood the contract to mean, or their motives in making it, is inadmissible to affect its construction. *McCormick* v. *Huse,* 66 Ill. 315; *Williams* v. *Fletcher,* 30 Ill. App. 219.

A special term, like the word "assessment," in a contract, is to be construed in view of the meaning fixed by usage and the courts of legislation. *Stephani* v. *Catholic Bishop,* 2 Ill. App. 249.

Special assessments are not taxes. This fact is recognized by the constitution itself. Const. 1870, art. 9, sec. 9; Rev. Stat. chap. 24, art. 9, pars. 117, 118; *Gould* v. *Chicago,* 82 Ill. 472.

A long line of Illinois authorities establishes this doctrine in this State. In fact, there is no conflict in our decisions on this point. *Trustees* v. *Chicago,* 12 Ill. 403; *Mix* v. *Ross,* 57 id. 121; *Chicago* v. *Colby,* 20 id. 614; *Peoria* v. *Kidder,* 26 id. 351; *Town of Pleasant* v. *Kost,* 29 id. 494; *Enos* v. *Springfield,* 113 id. 65; *McLean County* v. *Bloomington,* 104 id. 209; *Chicago* v. *Baptist Theological Union,* 115 id. 245.

A tax for general purposes is not an assessment, within the meaning of the law of the State as applied to charges upon real estate. The word "assessment" means

a municipal charge to defray expenses of local improvements in proportion to benefits received.  *Stephani* v. *Catholic Bishop*, 2 Ill. App. 249.

Special assessments are not taxes, for the reason that when laid in the ratio of benefits they are not burdens. *McLean County* v. *Bloomington*, 106 Ill. 209.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action brought by plaintiff in error on a covenant in a lease.  The lease was executed on the 18th of March, 1884, and the premises were leased to the Barber Asphalt Paving Company, defendant in error, from the 25th of March, 1884, to the 25th of March, 1889, the lessee agreeing to pay as rent $1200 per annum, in quarterly installments of $300 each, at the end of each quarter.  The lease also contained this provision: "And in addition to the above named rent the said party of the second part, its executors, administrators and assigns, further agrees to pay all the water tax and one-half of all other taxes levied on said property during said term of this lease for five years."  It is conceded that the defendant in error paid all of the cash rental and one-half of the general taxes, including park taxes, levied on the premises during the term of the lease, but it is claimed that it became liable, by virtue of the covenant, to pay one-half of a certain special assessment levied on the premises for the curbing, paving and grading of Halsted street and one-half of a special assessment for a sidewalk on Halsted street, both of which were levied during the term.  On the other hand, defendant in error claimed that it was not liable for any special assessments imposed upon the property during the life of the lease, and in this it was sustained by the Superior Court of Cook county, and also by the Appellate Court.  The correctness of this ruling is the only question presented by the record.

The lessee in plain language agreed to pay all the water tax on the premises and one-half of all other taxes

levied on the property during the existence of the lease. Did the clause in the agreement, "one-half of all other taxes," include special assessments? There is a clear and manifest distinction between a tax and a special assessment. A tax is imposed for a general or public purpose. It is levied for the purpose of carrying on the government. It is a charge on lands and other property which lessens their value, and in the proportion in which the owner is required to pay is his pecuniary ability diminished. This is the sense in which the term "taxation" is used and understood. On the other hand, a special assessment contains none of the distinctive features of a tax. It is assessed or levied for a special purpose, and not for a general purpose. It is not a charge on property which reduces its value. The assessment is made in the ratio of advantages accruing to the property in consequence of the improvement. In no case can the assessment exceed the advantages accruing to the property assessed. It is therefore regarded but an equivalent or compensation for the increased value the property will derive from the improvement the assessment is levied to discharge. (*City of Chicago* v. *Baptist Theological Union*, 115 Ill. 245.) In *County of McLean* v. *City of Bloomington*, 106 Ill. 209, it was held that there was a distinction between taxation and special assessments,—that an exemption from taxation was not an exemption from special assessment. (See, also, Cooley on Taxation,—1st ed.—146, 147.) Indeed, the distinction between a tax and a special assessment is so well understood that the law may be regarded as well settled that an agreement on the part of a lessee to pay the taxes on the demised property would not include a special assessment. When, therefore, the parties, in making this lease, used the word "taxes," it will be presumed they intended it should have the same meaning which has been placed upon it by the courts.

It is, however, claimed, that the parties, after the lease was executed, placed upon it the same construction which

appellant now places upon it, and they should now be bound by that construction.   This position is predicated mainly on the fact that in 1885 the lessee paid one-half of what was denominated a park tax on the property, amounting to the sum of $5.73, and one-half of a sewer tax, amounting to the sum of $9.96,—in all $15.69.   We have given due consideration to all the facts bearing on this branch of the case, but we do not regard what the parties did or said sufficient to change the construction which we regard as the proper one to be placed upon the language used by the parties in their contract.

In conclusion, we are satisfied the Superior Court decided the case right, and the judgment of the Appellate Court will be affirmed.                     *Judgment affirmed.*