JOHN W. WILSON *et al.*

*v.*

THE COUNTY OF MARION *et al.*

*Opinion filed December 3, 1903.*

1. APPEALS AND ERRORS—*revenue must be directly involved to author-ize a direct appeal.* To authorize a direct appeal to the Supreme Court upon the ground that the case relates to the revenue, the revenue must be directly, and not merely incidentally or remotely, involved.

2. SAME—*when case does not relate to revenue.* A proceeding to en-join a county board from entering into a contract authorizing cer-tain parties to search the county records for evidence of personal property omitted from the tax list, and to aid in collecting taxes thereon, does not directly involve the revenue.

APPEAL from the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.

L. M. KAGY, and FRANK F. NOLEMAN, for appellants.

W. D. FANNING, and W. F. BUNDY, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was a proceeding instituted by John W. Wilson, a citizen and tax-payer, and John M. Green and Harry Langewisch, two members of the board of supervisors, against the county of Marion and the other seventeen members of the board of supervisors, to restrain the county and said board from entering into a contract with I. D. Lear, L. O. Vogt and certain other individuals who had submitted bids to said board for that purpose, which contract had no specific limitation to its duration, where-by the successful bidder was to be authorized to search the records of Marion and adjoining counties, and other sources, for evidence of personal property omitted from the tax lists of Marion county for the year 1902 and prior years; to invoke the aid of all county officers; to control, by their attorney, all suits and compromises looking to the collection of omitted taxes, and to occupy a room in

the court house, free of charge, during the indefinite period covered by this proposed contract, and, as alleged, in other ways to usurp and undertake the powers and duties given by the statute to the county board of review, in consideration of which, the party to whom such contract was awarded was to be paid a per cent ranging from eighteen to thirty-three and one-third, according to the respective bids, of all county taxes collected from property omitted from the lists for such preceding years. A temporary injunction was awarded by the circuit judge in vacation. A motion was entered to dissolve, but this was virtually abandoned and an answer filed. The cause was heard upon its merits at a regular sitting, during the January term, of the Marion circuit court, the bill dismissed and the injunction dissolved. To reverse that decree the complainants below have taken an appeal directly to this court.

The appeal should have been taken to the Appellate Court for the Fourth District. Counsel have no doubt brought the record directly to this court under the mistaken supposition that it relates to the revenue, within the meaning of section 88 of the Practice act. There is no other possible ground of jurisdiction in the Supreme Court on a direct appeal, but we have held, whenever the question has been presented for our decision, that in order to bring a case within that section "as relating to the revenue," the revenue must be directly, and not merely incidentally or remotely, involved. (*Hodge* v. *People*, 96 Ill. 423; *Shelby County* v. *People*, 159 id. 242; *Wells* v. *Rogers*, 196 id. 292; *People* v. *Hendee*, 199 id. 55; *Reed* v. *Village of Chatsworth*, 201 id. 480.) "The most that can be said of the case made by the bill is, that the revenue might be incidentally or remotely affected by the result." (*Wells* v. *Rogers, supra.*) The proper test of jurisdiction in this court is announced in *Reed* v. *Village of Chatsworth, supra.*

The appeal must be dismissed.

*Appeal dismissed.*