JOHN E. PHILLIPS *et al.*

*v.*

THE PEOPLE *ex rel.* John Goedtner, County Treasurer.

*Opinion filed December 20, 1905.*

1. SPECIAL ASSESSMENTS—*want of property owner's petition is no objection to application for sale.* An objection that there was no property owner's petition for a local improvement does not go to the jurisdiction of the court to confirm the assessment and cannot be urged as a defense to an application for judgment of sale. ·

2. SAME—*objection that no notice of application for judgment of confirmation was mailed is good.* On application for judgment of sale it is a valid objection that no notices of the application for judgment of confirmation were mailed to the persons entitled by law to receive them, provided such fact appears from the face of the record of the confirmation proceeding.

3. SAME—*when a court of review cannot presume that notices were mailed.* Where, on application for judgment of sale, an objection that no notices of the application to confirm the assessment were mailed is stricken from the files, the fact that the record of the confirmation proceeding is not contained in the record of the proceeding for judgment of sale does not authorize a court of review to presume that the confirmation proceeding was regular and that the notices were mailed as required by law.

4. SAME—*fact that improvement is different from one authorized may be shown on application for sale.* Property owners are entitled to show, in defense of an application for judgment of sale, that the improvement constructed was a different one from that authorized by the ordinance and for which the assessment was levied.

5. SAME—*what cannot be urged in defense of application for judgment of sale.* Objections to an application for judgment of sale setting forth that the objectors had been overcharged, for the reason that there had not been laid the number of square yards or lineal feet of pavement alleged to have been laid, are properly stricken from the files.

APPEAL from the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

ARTHUR H. SHAY, for appellants.

REEVES & BOYS, and LLOYD PAINTER, (P. J. LUCEY, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of LaSalle county applied to the county court of said county for a judgment against the lots of appellants and an order of sale for the first installment of a special assessment for paving East Main street, in Streator. Appellants filed objections in writing to the application, but the court, on motion of the collector, struck the objections from the files. Judgment was thereupon entered against the lots and they were ordered sold to pay said assessment; and from that judgment this appeal was taken.

The objections stricken from the files were five in number. The first one was, that the ordinance under which the assessment was levied was void because it was adopted without a petition of the owners of one-half the property abutting on the line of the proposed improvement, as required by law in cities of the population of Streator. The jurisdiction of the county court to confirm the assessment did not depend upon the existence of such petition, and as the judgment could not be collaterally attacked except for want of jurisdiction, the objection could not be interposed in the proceeding to collect the assessment. (*Pipher* v. *People,* 183 Ill. 436; *Leitch* v. *People,* id. 569; *Perisho* v. *People,* 185 id. 334; *Conlin* v. *People,* 190 id. 400; *Sumner* v. *Village of Milford,* 214 id. 388.) The court did not err in striking that objection from the files.

The second objection was, that the judgment of confirmation of the assessment sought to be collected was void because no notice of the application for such judgment was mailed to or received by the objectors, or any of them. It alleged that said objectors were, and for three years prior to the proceeding for confirmation had been and have continued to be, the owners, respectively, of the property for which they objected, and during all that time had been in possession and resided thereon and paid the taxes on the same. That was a valid objection. The statute requires

that a notice shall be sent by mail, postpaid, to each of the persons paying the taxes on the respective parcels of property on the assessment roll for the last preceding year during which taxes were paid, and if such notices were not mailed the county court did not acquire jurisdiction to enter the judgment of confirmation. If the fact was as alleged and the want of jurisdiction appeared upon the face of the record of the proceeding to confirm the assessment, appellants had a right to make proof of the fact. The answer of counsel to the assignment of error that the court struck the objection from the files is, that the record of the proceeding for confirmation is not contained in the record in this case, and that therefore it will be presumed that the court, in confirming the assessment, proceeded regularly and had jurisdiction, and that all notices required by law were given. What would have been proved by the record of the proceeding for confirmation if the objectors had been permitted to make the proof of course does not appear, but the complaint is that the court refused to allow them to show the fact. The collector's report, with proof of publication thereof and notice of application for judgment, made a *prima facie* case for the collector. (*People v. Givens,* 123 Ill. 352; *Scott v. People,* 142 id. 291.) The objectors had a right to meet the *prima facie* case by showing a want of jurisdiction upon the face of the record of the former proceeding, and when they filed their objection it was their right to have it heard. The court erred in striking the objection from the files.

The third objection was, that the improvement described in the ordinance under which the assessment was levied was not constructed, but that in the place of such improvement another and wholly different improvement was made and at a different grade, and it set forth the facts relied upon to sustain the objection. The objectors were entitled to show in defense of the application for judgment that the improvement provided for and for which the assessment was levied was a different one from the one actually constructed, which

they were asked to pay for. (*Young* v. *People,* 196 Ill. 603; *Gage* v. *People,* 200 id. 432; *Eustace* v. *People,* 213 id. 424.) It is argued that the order of the court was correct because the Local Improvement act provides that the board of local improvements shall make a final report to the county court after the improvement is completed; that notice shall be given to the parties in interest, and a hearing can be had on the question whether or not the improvement has been made in substantial compliance with the ordinance, and therefore the objection that the improvement is a different one from the one provided for by the ordinance comes too late. The existence of such a statute does not establish the fact that there was such a report in this case, with an opportunity to the objectors to be heard upon the question raised by the objection. The objection was stricken from the files without a hearing, and whether the identity of the improvement with the one provided for had become *res judicata* does not appear. The court erred in striking that objection from the files.

The fourth and fifth objections set forth that the appellants were overcharged in the assessment, for the reason that there were not the same number of square yards or lineal feet of pavement which were alleged to have been laid. It did not appear from these objections that the improvement was not the same one provided for by the ordinance or that the improvement as constructed had been fully paid for. They were not valid objections to the application, and it was not error to strike them from the files.

For the errors in striking from the files the second and third objections the judgment is reversed and the cause is remanded to the county court.

*Reversed and remanded.*