THE PEOPLE *ex rel.* W. W. Gifford, County Collector, Appellee, *vs.* AUGUSTUS J. BELZ *et al.* Appellants.

*Opinion filed December 21, 1911.*

1. SPECIAL ASSESSMENTS—*what objections cannot be made on application for judgment and order of sale.* On an application for judgment and order of sale for a delinquent special assessment no objection can be made which could have been raised on the application for judgment of confirmation unless such objection goes to the jurisdiction to enter the judgment of confirmation; and the lack of jurisdiction must appear upon the face of the record.

2. SAME—*what matters do not go to jurisdiction to confirm an assessment.* The facts that the record of the confirmation proceedings does not show that an affidavit had been filed showing service of notice of the passage of a sidewalk ordinance or that the property owners were given forty days in which to build the walks cannot be urged for the first time on application for judgment and order of sale, as such matters do not go to the jurisdiction of the court to determine the question whether or not the assessment should be confirmed.

3. SAME—*conclusiveness of confirmation judgment is the same although it is rendered by default.* The fact that a confirmation judgment is rendered by default, after notice, does not affect the conclusiveness of such judgment as to objections which might have been urged in the proceeding for confirmation.

APPEAL from the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding.

FRED MORIARTY, for appellants.

WILLIAM C. MOONEY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an application by the county treasurer and *ex officio* collector of Will county, in the county court of said county, for judgment and order of sale against certain lots belonging to appellants, situated in the city of Joliet, to pay a special assessment levied under the Local Improvement act to pay for the construction of a five-foot cement side-

walk on each side of a portion of Richards and Taylor streets, in said city. The appellants appeared and filed objections to judgment and order of sale, which were overruled and judgment and order of sale were entered, and this appeal followed.

The objections urged are, that it was not made to appear in the confirmation proceedings that an affidavit of service of notice of the passage of the sidewalk ordinance within ten days after its passage had been filed with the official report of such assessment, as provided in section 34 of the Local Improvement act, or that the appellants had been given forty days in which to construct the sidewalk in front of their property before proceedings to spread such assessment were commenced in the county court.

Section 34, so far as it is material, reads as follows: "Whenever any ordinance shall provide only for the building or renewing of any sidewalk, the owner of any lot or piece of land fronting on such sidewalk shall be allowed forty (40) days after the time at which the said ordinance shall take effect in which to build or renew such sidewalk opposite to his land, and thereby relieve the same from assessment: *Provided,* the work so to be done shall in all respects conform to the requirements of such ordinance. Notice of the passage of such ordinance shall be sent by mail within ten days after such passage to the person who paid the taxes on said premises for the preceding year, if he or they can be found in said county, and also a like notice addressed to the 'occupant' of said property, if the same be at such time actually occupied, and an affidavit of such service shall be filed with the official report of such assessment. Such affidavit shall be *prima facie* evidence of a compliance with said requirements." (Hurd's Stat. 1909, p. 462.)

The law is well settled that no objection to an assessment can be made on application for judgment and order of sale which could have been raised on the application for

confirmation unless it goes to the jurisdiction of the court to enter the judgment of confirmation, (*Phillips* v. *People,* 218 Ill. 450,) and which lack of jurisdiction must appear upon the face of the record. (*People* v. *Martin,* 243 Ill. 284.) In this case the record of the proceedings to confirm the assessment were introduced in full, from which it appeared that those proceedings were regular throughout and that the county court rightfully rendered the judgment of confirmation, unless it was lacking in jurisdiction by reason of the fact that the affidavit of service provided for by section 34 was not filed with the official report of the assessment and that proof was not made before confirmation that the appellants had had forty days in which to construct the sidewalk in front of their property before the proceedings for confirmation were commenced. The statute .conferred upon the county court jurisdiction of the confirmation of special assessments, and the application for confirmation of this particular assessment conferred jurisdiction upon the county court of this assessment and the giving of the statutory notice authorized the county court to proceed to confirm the assessment. The questions, therefore, as to whether proper proof was made of the service of notice of the passage of the ordinance, or whether the appellants were given the statutory period allowed to construct the sidewalk in front of their property before the confirmation proceedings were commenced, were questions which could have been properly raised in the county court upon the application for confirmation. · While it may be true that proper proof of notice of the passage of the ordinance was not filed and the appellants were not given the statutory period in which to construct the sidewalk, these questions did not go to the jurisdiction of the court to hear and determine the question whether the assessment should be confirmed. Had the appellants raised the questions now sought to` be raised and they had been decided adversely to their contention upon the application for confirmation, they

could have had those questions reviewed in a direct proceeding. They cannot, however, have them reviewed on an application for judgment and order of sale for the nonpayment of the assessment, as that would be to review them in a collateral proceeding. The fact that the judgment of confirmation was rendered by default can make no difference. The appellants had notice of the application for confirmation, and they were then required to appear and raise all questions which they desired to raise which showed the assessment ought not be confirmed and which did not go to the jurisdiction of the court, and if they failed to appear and a judgment of confirmation was entered against their lands they and their property are bound by that judgment. Clearly, if the appellants had appeared and objected to confirmation on the grounds now urged against the judgment and order of sale, and their contentions had been overruled and the assessment confirmed, they would have been barred. In that event it must be conceded the county court would have had jurisdiction to pass upon the questions now raised, and the jurisdiction of a court cannot rest, so far as the questions decided are concerned, upon which way those questions are decided.

We therefore conclude that the county court had jurisdiction to confirm the assessment, and that the questions whether there was proof of notice as required by section 34, or whether the appellants were given the statutory period in which to construct the sidewalk, cannot properly be reviewed upon the application for judgment and order of sale. The county court did not, therefore, err in rendering the judgment appealed from.

The judgment of the county court of Will county will be affirmed.                     *Judgment affirmed.*