# William Carlyle, Appellee, v. Charles R. Bartels, Appellant.*

1. LANDLORD AND TENANT—*who must pay taxes and assessments.* Without an agreement on the part of a lessee to pay taxes and special assessments that duty is upon the owner of the land.

2. LANDLORD AND TENANT—*what agreement to pay taxes includes.* A lessee's agreement to pay taxes does not include special assessments for local improvements.

* Received from clerk of Appellate Court, August 8, 1927.

3. LANDLORD AND TENANT—*repayment to tenant paying special assessments.* A tenant who is not required by the lease to pay special assessments against the land, but who pays them to protect his leasehold estate, may recover the payments from the landlord.

4. SAVING QUESTIONS FOR REVIEW—*use of praecipe to avoid transcript expense.* Under Cahill's St. ch. 110, ¶ 81, a party is entitled to file a praecipe for record directing the clerk to insert such portions of the record of proceedings in dispute as he deems sufficient to present errors he intends to assign and thus avoid extra expense of transcripting the record wherein it includes such proceedings as fully set out.

5. APPEAL AND ERROR—*when costs not taxed for needless transcript.* If an appellant concedes the validity of assessment proceedings involved in suit, he cannot have the cost of including same in the transcript taxed against appellee, even though the latter refused to reasonably stipulate as to their contents.

Appeal by defendant from the Circuit Court of Randolph county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

ANDREWS & REAL, for appellant.

E. H. WEGEMYER and J. FRED GILSTER, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee, in 1889, procured leases on certain lands for 50 years from the president and trustees of the Commons of Kaskaskia. At that time the land could be leased for that length of time but not sold. The legislature, in 1909, authorized the sale of such lands and the lands in question were sold on May 28, 1912, and by mesne conveyances the title, subject to the leases, passed to appellant. In 1917, a drainage district was organized which embraces the leased lands. A drainage assessment was levied and confirmed against the lands which was due January 1, 1919. On July 28, 1919, appellant served a written notice upon appellee to the effect that he was required by the terms of his lease to pay the said drainage tax and that if he did not do so by July 31, 1919, the leases would be

terminated. Appellee paid the instalment then due and brought this suit to recover the amount so paid. Upon a trial before the court without a jury appellee recovered a judgment for $73.75.

Appellant does not contend that it was appellee's duty, without an agreement, to pay the whole or any part of the assessment. He insists that in the light of the history of the title to the land appellee's covenants should be construed as an agreement on his part to pay all special assessments levied against the land during the term of the leases. He insists that appellee simply paid what it was his duty to pay and there was, therefore, no consideration to support a promise to reimburse him. He argues that appellee, voluntarily, paid the assessment and is not entitled to recover. Appellee contends that he did not agree to pay special assessments; that it was appellant's duty to pay them and as he refused to do so appellee had the right to pay the same to protect his leasehold and the law implies a promise on the part of appellant for reimbursement.

The leases provide that appellee shall pay "all assessments for taxes, for all purposes that may be assessed against said premises, according to law, during the continuance of said lease," and any failure to pay "the rent and taxes aforesaid" shall be considered a forfeiture of the aforesaid premises. We find nothing in the history of the title that would warrant us in construing the language used otherwise than according to its natural legal effect. It is a general rule of law that, in the absence of an agreement upon the part of a lessee, it is the duty of the owner of the land to pay all taxes and special assessments. 24 Cyc. 1074; 37 Cyc. 790.

Where a lessee covenanted to pay "All the water tax and one-half of all other taxes levied on said property during said term of this lease for five years" the court held that special assessments for local improve-

ments were not included. *DeClercq v. Barber Asphalt Paving Co.,* 167 Ill. 215. In that case the court said: "Indeed, the distinction between a tax and a special assessment is so well understood that the law may be regarded as well settled that an agreement on the part of a lessee to pay the taxes on the demised property would not include a special assessment. When, therefore, the parties, in making this lease, used the word 'taxes,' it will be presumed they intended it should have the same meaning which has been placed upon it by the courts." The conclusion reached in that case was based upon previous decisions arising under statutes which exempted property from all taxation of every kind and which held that special assessments for local improvements are not within the statutes. That rule was announced in the *Trustees of Illinois and Michigan Canal v. City of Chicago,* 12 Ill. 403; *County of McLean v. City of Bloomington,* 106 Ill. 209; *City of Chicago v. Baptist Theological Union,* 115 Ill. 245; *Illinois Cent. R. Co. v. City of Decatur,* 126 Ill. 92; *County of Adams v. City of Quincy,* 130 Ill. 566.

Appellee agreed to pay the taxes but did not agree to pay the special assessments against the land. Appellant made no showing or claim that it was appellee's duty, without an agreement, to pay the assessments, or any part thereof. That being true the general rule of law required appellant to pay the same. The assessment was against the land and every interest therein. It was necessary for appellee to pay the same in order to protect his leasehold estate and when he did the law implied a promise on the part of appellant to reimburse him. Appellant is in no position to claim that there was no consideration to support a promise, or that appellee made a voluntary payment which he may not recover.

Appellant filed a motion in this court to have a portion of the cost of the transcript of record taxed to appellee which was taken with the case. The ground

of the motion is that appellant offered to stipulate on the trial that the drainage district was regularly organized and that the assessment was levied and confirmed in accordance with the law but that appellee declined to accept the stipulation and made it necessary to offer 84 pages of the proceedings which was wholly unnecessary and for which appellant had to pay in order to get a transcript of the record for this court. It may be that appellee's conduct, in that regard, was unreasonable, but under section 81 of the Practice Act, Cahill's St. ch. 110, ¶ 81, appellant could have filed a praecipe for record directing the clerk to insert such portions of the record as he deemed sufficient to fairly present the errors he intended to assign. If he conceded the validity of the assessment proceedings there was no occasion to have the same included in the transcript and the motion to tax the cost thereof to appellee is denied.

Appellant suggests that the court erred in some of its rulings on the admission and exclusion of evidence, but we are of the opinion that no reversible error was committed. The trial was before the court without a jury and there is ample competent evidence to support the judgment. The evidence excluded by the court was not competent. Appellant does not question the amount of the judgment if appellee is entitled to recover anything. His claim that appellee agreed to pay any special assessment that might be levied against the land is without merit. The judgment is affirmed.

*Affirmed.*

The cases of *Joseph DeRousse v. Charles R. Bartels,* Term No. 35; *Elizabeth Peerman v. Charles R. Bartels,* Term No. 36; *Ray Picou et al. v. Charles R. Bartels,* Term No. 37; and *Louis E. Buatte v. Charles R. Bartels,* Term No. 38, were, at the October Term, 1923, on motion and without objection, consolidated with the foregoing case of *William Carlyle v. Charles R. Bartels,* Term No. 34, as the facts in these

cases were all of a similar character and raised the same question of law.

The judgments in these cases were *Joseph DeRousse v. Charles R. Bartels,* Term No. 35, for sum of $92.36; *Elizabeth Peerman v. Charles R. Bartels,* Term No. 36, for the sum of $242.27; *Ray Picou et al. v. Charles R. Bartels,* Term No. 37, for the sum of $141.63; and *Louis E. Buatte v. Charles R. Bartels,* Term No. 38, for the sum of $367.62.

For the reasons hereinabove set forth, the judgment in each of these cases is hereby affirmed.

*Judgments affirmed.*