(No. 22969.—

THE PEOPLE *ex rel.* J. Ward Smith, County Collector, Appellee, *vs.* THE L. W. BREWER ESTATE *et al.* Appellants.

*Opinion filed December 16, 1935.*

BUTTERS & BUTTERS, WILLIAM ZWANZIG, and HIBBS & POOL, for appellants.

ELMER MOHAN, State's Attorney, and PALMER C. BYRNE, City Attorney, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

The county collector of LaSalle county moved for judgment against the land and lots of the objectors, appellants herein, on account of alleged delinquencies in payments under special assessment warrant No. 11504 of the city of Ottawa. Twenty-one objections were originally filed and later three others on leave granted, all of which were stricken by the county court on the ground that they were not accompanied by an official receipt showing that at least seventy-five per cent of the special assessments in question had been paid. Judgment was rendered for the amounts claimed by the collector to be due against the various properties.

Appellants' first contention is, that section 162 of the Revenue act, (Cahill's Stat. 1933, chap. 120, par. 180,) as amended in 1933, does not apply to special assessments. The amendment under which the county court appears to have acted was that approved May 18, 1933, and which went into immediate force by virtue of an emergency clause. (Laws of 1933, p. 912 *et seq.*) The title of this amendatory act is, "An act to amend sections 162 [and several

other sections] of 'An act for the assessment of property and for the levy and collection of taxes,' approved March 30, 1872, as amended." Section 162 as here appearing starts with the following words: "All general taxes on real property hereafter extended on the collectors' warrants for collection shall be payable," etc. In the body of the section as amended it is provided as follows: "If any person shall desire to object pursuant to the provisions of section 191 of this act, to all or any part of any one or more of the taxes levied by the various taxing authorities which form the aggregate of all taxes levied on any lot, piece or parcel of land charged with taxes, or on a part or an undivided share thereof, he shall pay at least seventy-five per cent of the same under protest, specifying in writing the particular tax or taxes or part or parts thereof so paid and the receipt therefor shall be marked by the collector to show that such tax or taxes, or such part or parts thereof as the party paying the same shall so specify, was paid under protest and the collector shall enter the fact of such protest in his return. In all cases where taxes are paid under protest, it shall be the duty of the collector receiving the same, upon request, to furnish, without charge, a duplicate receipt therefor marked as aforesaid. Except as herein otherwise provided the collector shall not accept payment of any amount less than the aggregate of all taxes levied on any lot, piece or parcel of land, or part or undivided share thereof, or such personal property unless the application of the payment is directed as herein . provided for."

Although special assessments for local improvement are levied and collected under the sovereign power of taxation, (25 R. C. L. 176,) this court has nevertheless recognized a clear line of distinction between them and general taxes. In the case of *DeClerq* v. *Barber Paving Co.* 167 Ill. 215, we said: "There is a clear and manifest distinction between a tax and a special assessment. A tax is imposed for a

general or public purpose. It is levied for the purpose of carrying on the government. It is a charge on lands and other property which lessens their value, and in the proportion in which the owner is required to pay is his pecuniary ability diminished. This is the sense in which the term 'taxation' is used and understood. On the other hand, a special assessment contains none of the distinctive features of a tax. It is assessed or levied for a special purpose, and not for a general purpose. It is not a charge on property which reduces its value. The assessment is made in the ratio of advantages accruing to the property in consequence of the improvement. In no case can the assessment exceed the advantages accruing to the property assessed. It is therefore regarded but an equivalent or compensation for the increased value the property will derive from the improvement the assessment is levied to discharge." In that case it was also pointed out that in *County of McLean* v. *City of Bloomington,* 106 Ill. 209, it had been held that the distinction was such that an exemption from taxation was not an exemption from special assessment. In the much later case of *Carlyle* v. *Bartels,* 315 Ill. 271, it was stated to be the settled rule in this court that special assessments are not taxes and that the question was then no longer debatable. The authorities there cited need not be repeated. The act which the legislature amended in 1933 was the general Revenue law—not the Local Improvement act. Both the first sentence, which we have quoted in part, and the emergency clause, which appears at the end of the act, on page 922, indicate quite clearly that the legislature was dealing only with general taxes and not with special assessments. We think appellants' point well taken and that the court erred in striking all of the objections for the reason that court assigned.

Appellee urges, however, that even if the court gave the wrong reason for its judgment it is nevertheless right and should be affirmed. Appellee contends that the objections

of appellants amount to a collateral attack upon the previous judgments of the county court in confirming the assessment and in approving the certificate of completion and acceptance of the improvement. It is undoubtedly the law, as appellee contends, that these judgments cannot be attacked collaterally by an objection to order of sale. The law was stated by us in *People* v. *Belz,* 252 Ill. 296, as follows: "The law is well settled that no objection to an assessment can be made on application for judgment and order of sale which could have been raised on the application for confirmation unless it goes to the jurisdiction of the court to enter the judgment of confirmation, (*Phillips* v. *People,* 218 Ill. 450,) and which lack of jurisdiction must appear upon the face of the record.—*People* v. *Martin,* 243 Ill. 284." In *Gage* v. *People,* 219 Ill. 634, we held that a special assessment is not delinquent until after the certificate of completion and acceptance required by section 84 of the Local Improvement act has been approved and confirmed by the county court. In the case of *People* v. *Conway,* 253 Ill. 140, we pointed out that the amendment to section 84 of the Local Improvement act, adopted in 1903, took away the power of the board of local improvements to determine whether or not the requirements of the ordinance and specifications had been complied with and cast that burden on the county court for a judicial determination, with power to bind the city and the property owners. The case of *Case* v. *City of Sullivan,* 222 Ill. 56, was cited and was quoted from at some length in confirmation of the point that the amendment was intended to prevent a local improvement not substantially in accord with the improvement ordinance being foisted upon the property owners and for a speedy and summary judicial determination of the issues involved. In *Gjellefald Construction Co.* v. *City of South Beloit,* 350 Ill. 350, we held that under section 84 as amended three matters of fact are submitted to the county court: (1) The cost of the im-

provement; (2) the amount estimated by the board to be required to pay accruing interest on bonds or vouchers issued to anticipate collection; and (3) whether or not the work substantially conforms to the provisions of the improvement ordinance. It was there held that the determination of the county court on these matters is final and without right of review. The holding was to the same effect in *City of East Peoria* v. *Sheen,* 299 Ill. 185.

It is clear from the authorities that no defense may be urged on application for judgment against the lands for a special assessment which might have been urged either in opposition to the judgment of confirmation of the assessment, or in opposition to the approval of the certificate of completion and acceptance required by section 84 as amended in 1903, unless it be an objection of lack of jurisdiction of the county court over the subject matter or a matter that has arisen subsequent to the entry of those judgments.

An examination of appellants' objections, together with the records of this court in the case of *Woodward* v. *Ruel,* 355 Ill. 163, makes it apparent that the objectors are inviting a re-litigation of the matters decided in that case and in the previous order of the county court of LaSalle county which was therein assailed. In that case it was held that the county court was not without jurisdiction, and the collateral attack upon its judgment approving the final order of completion and acceptance was dismissed.

Examining appellants' twenty-one objections and three additional objections, we find that in so far as they are specific and detailed they refer to matters necessarily within, and necessarily determined by, the judgment of the county court under the provisions of section 84 of the Local Improvement act. This is specifically true as to the second, fourth, fifth, sixth, seventh, ninth, tenth, twelfth, first additional and third additional objections. Appellants' first objection is, that "the said ordinance and each and all of

said proceedings is and are null, void and of no effect in law." It states no facts, is a mere conclusion of the pleader, and was properly stricken on motion. Their third objection is, that as to the first, second and third installments the matter is *res judicata;* that by a previous judgment of the county court the installments were held void, judgment denied and that judgment affirmed by this court. Conclusions, only, are stated, and there is no reference in the briefs to any case decided in this court. The installments may have been held uncollectible by reason of an attempt being made to collect them prior to the filing of the certificate of completion required by section 84, and if this were true, judgment would have been properly refused. (*People* v. *Conway, supra; Gage* v. *People, supra.*) If such should be the fact it would not be a bar to a subsequent application for judgment after the provisions of section 84 had been complied with. As the objection stands, it could properly be stricken as alleging conclusions of the pleader, only. The same is true of appellants' eighth objection, which merely alleges, without any statement of fact, that the assessments are not delinquent and that the application is premature. Their eleventh, thirteenth and fourteenth objections directly question the jurisdiction of the court, alleging failure to give the statutory notices prior to application for judgment. Their fifteenth and sixteenth objections are merely argumentative.

In view of the fact that there was no motion in the trial court to make the objections more specific and that the judgment of that court was based upon another ground, it is proper that appellants be given an opportunity, on remandment, to state, if they can, within the limits outlined by this opinion, their legal objections to the entry of judgment against their respective lands and lots.

The judgment of the county court is reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*