(No. 38496.—

The City of Waukegan, Appellee, *vs.* Joseph J. Drobnick *et al.,* Appellants.

*Opinion filed November 24, 1964.*

MARK DROBNICK, of Waukegan, for appellants.

RUNYARD, BEHENNA, CONZELMAN & SCHULTZ, of Waukegan, for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal by certain objecting property owners from an order of the former county court of Lake County affirming a report and assessment roll filed by the city of Waukegan.

Although the defendants-objectors have appealed directly to this court, their brief contains no statement of the ground relied upon to give this court jurisdiction as required by Supreme Court Rule 39. (Ill. Rev. Stat. 1963, chap. 110, par. 101.39.) The city of Waukegan has moved

to transfer this case to the Appellate Court for the Second District for the reason that no grounds exist for direct appeal to this court. Defendants have suggested that they have a statutory right of direct appeal. (Ill. Rev. Stat. 1963, chap. 24, par. 9—2—140.) We have taken the motion with the case, and the jurisdictional question must be determined at the outset.

The city of Waukegan filed a petition in August, 1961, in the former county court of Lake County to levy a special assessment in accordance with a city ordinance authorizing certain improvements. These defendants-appellants,. owners of certain of the property sought to be assessed, filed objections to the petition. The cause was then tried before a jury which returned a verdict finding that the properties of the objectors were not assessed more than they would be benefited nor more than their proportionate share of the cost of the improvement. Judgment was entered on this verdict.

The legislature has provided for direct appeals from final judgments in special assessment proceedings since 1874. The original provision for appeals from special assessment proceedings as amended was contained in section 123 of the County Court Act (Ill. Rev. Stat. 1961, chap. 37, par. 295,) which was repealed by the legislature in 1963. In 1897 a procedure for direct appeal in such proceedings was incorporated in the Local Improvement Act. The pressent provision was enacted in 1961 as section 9—2—140 of the Local Improvement Article of the Municipal Code. Ill. Rev. Stat. 1963, chap. 24, par. 9—2—140.

We must first consider the effect of the Judicial Amendment effective January 1, 1964. As so amended article VI, section 5, of the Illinois constitution provides in part as follows:

"Appeals from the final judgments of circuit courts shall lie directly to the Supreme Court as a matter of right only

(a) in cases involving revenue, (b) in cases involving a question arising under the Constitution of the United States or of this State, (c) in cases of habeas corpus, and (d) by the defendant from sentence in capital cases. Subject to law hereafter enacted, the Supreme Court has authority to provide by rule for appeal in other cases from the circuit courts directly to the Supreme Court."

Although the final order in this case was entered and notice of appeal was filed in the trial court prior to January 1, 1964, the appeal was not presented to us for decision until after the effective date of the Judicial Amendment. Therefore, amended article VI, section 5, governs the exercise of our jurisdiction in this case.

We consider that the amendment to the constitution limits our direct appellate jurisdiction to the class of cases set forth therein and to such other cases as we may provide for by rule. One of the primary purposes of this amendment was to repeal all inconsistent statutes providing for direct appeals to this court. (*First National Bank & Trust Co.* v. *City of Evanston,* 30 Ill.2d 479, 481.) We feel it has done so, and consequently section 9—2—140 of the Municipal Code now affords no right of direct appeal.

Since appeals from this type of proceeding have been so long governed by statute, this court has not been called upon to decide if such petitions present cases involving the revenue. It is true that this court has taken direct appellate jurisdiction of actions to enjoin the collection or extension of special assessments, (*Lackey* v. *Pulaski Drainage District,* 4 Ill.2d 72; *Mushbaugh* v. *Village of East Peoria,* 260 Ill. 27; *Wilson* v. *Marion County,* 205 Ill. 580; *People ex rel. Gridley* v. *Hendee,* 199 Ill. 55), and has held that the word "revenue" embraces special assessments. *Potwin* v. *Johnson,* 106 Ill. 532.

Nevertheless, this court has repeatedly stated that to give the Supreme Court jurisdiction on direct appeal be-

cause the cause relates to revenue, it must relate directly thereto and not incidentally or remotely. *People* v. *Smith,* 413 Ill. 382; *In re Estate of Kaindl,* 411 Ill. 608.

With the abolition of the statutory right of appeal, and the constitutional revision of our entire system of appellate jurisdiction it is incumbent upon us to re-examine the nature of the relationship between special assessment proceedings and the revenue.

A special assessment levied under the Local Improvement Act clearly does not affect the general revenue of either the State or any other taxing body. It has been said that special assessments differ from general taxes, "since they are not a tax at all in the constitutional sense or as taxes are generally understood." 14 McQuillin, Municipal Corporations, 3d ed., sec. 38.01.

The distinction was well stated in *People ex rel. Smith* v. *Brewer Estate,* 362 Ill. 88, 90:

"Although special assessments for local improvement are levied and collected under the sovereign power of taxation, (25 R.C.L. 176,) this court has nevertheless recognized a clear line of distinction between them and general taxes. In the case of *DeClercq* v. *Barber Paving Co.* 167 Ill. 215, we said: 'There is a clear and manifest distinction between a tax and a special assessment. A tax is imposed for a general or public purpose. It is levied for the purpose of carrying on the government. It is a charge on lands and other property which lessens their value, and in the proportion in which the owner is required to pay is his pecuniary ability diminished. This is the sense in which the term "taxation" is used and understood. On the other hand, a special assessment contains none of the distinctive features of a tax. It is assessed or levied for a special purpose, and not for a general purpose. It is not a charge on property which reduces its value. The assessment is made in the ratio of advantages accruing to the property in consequence of the improvement. In no case can the assessment

exceed the advantages accruing to the property assessed. It is therefore regarded but an equivalent or compensation for the increased value the property will derive from the improvement the assessment is levied to discharge.' In that case it was also pointed out that in *County of McLean* v. *City of Bloomington,* 106 Ill. 209, it had been held that the distinction was such that an exemption from taxation was not an exemption from special assessment. In the much later case of *Carlyle* v. *Bartels,* 315 Ill. 271, it was stated to be the settled rule in this court that special assessments are not taxes and that the question was then no longer debatable. The authorities there cited need not be repeated."

In a like manner the funds received from special assessments differ from the general revenue. In *People ex rel. Drobnick* v. *City of Waukegan,* 1 Ill.2d 456, 461, the court stated:

"We find no reason to hold, as appellant suggests, that the legislative enactment which permits the sale of special assessment liens is, in any manner, a 'farming out' of public revenues so as to be abhorrent to American governmental principles. Money received in payment of special assessments is not available for public use but is received and held by the municipality as trustee for the holders of special assessment bonds, and in the event of an over-collection from the owners of property which has been assessed, it is to be rebated to such owners. The same is not true of other species of taxation. Indeed, this court has recognized that special assessments form a peculiar species of taxation, (see: *Wabash Eastern Railway Co.* v. *Comrs. of East Lake Fork Special Drainage Dist.* 134 Ill. 384; *People ex rel. Fisher* v. *Baltimore and Ohio Railroad Co.* 390 Ill. 389,) which, as is stated by Cooley in his work on Taxation, (3d ed. vol. 2, pp. 1134-4,) causes them to stand apart from the general burdens imposed for State and municipal purposes and to be governed by principles that do not apply universally, even though assessments are

laid under the taxing power and are in a certain sense taxes. They are, however, said to be a species of taxes which do not come within the meaning of that term as it is usually employed in our constitution and statutes, and it is for that reason that assessments may be laid upon property specially benefited, notwithstanding constitutional restrictions. (Cooley on Taxation, 3d ed. vol. 2, pp. 1181-1200.) A special assessment contains none of the distinctive features of a tax. It is assessed and levied for a special purpose and not for a general purpose, and the assessment is made in the ratio of advantages accruing to the property in consequence of an improvement. Since the assessment can in no case exceed the advantage accruing to the property assessed, it is regarded as but an equivalent or compensation for the increased value the property derives from the improvement the assessment is levied to discharge. *DeClercq* v. *Barber Asphalt Paving Co.* 167 Ill. 215; *People ex rel. Smith* v. *Brewer Estate,* 362 Ill. 88."

It is clear that the municipality will neither gain or lose revenue by the order of the county court now before us. If the improvement is made and assessments are collected, they can only be used to pay for the improvement, and not for enhancement of the public revenue.

It is therefore our view that the present order of the trial court does not involve the revenue in such a way as to give this court jurisdiction on direct appeal. To the extent that prior decisions of this court are inconsistent with this opinion they are overruled.

The cause is therefore transferred to the Appellate Court for the Second District.

*Cause transferred.*