(No. 39834.—

THE PEOPLE *ex rel.* The City of Park Ridge *et al.*, Appellees, *vs.* RAYMOND HOLLIS *et al.*, Appellants.

*Opinion filed October 28, 1966.*

DILEONARDI AND HOFERT, of Des Plaines, (EDWARD C. HOFERT, of counsel,) for appellants.

ANCEL, STONESIFER, GLINK & LEVIN, of Chicago, (LOUIS ANCEL and KENNETH O. STONESIFER, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a declaratory judgment proceeding instituted by the city of Park Ridge, its treasurer and certain property owners in Park Ridge to determine the proper disposition of excess special assessment funds as to which a rebate had been declared, pursuant to ordinance No. 64-41 of the city of Park Ridge and section 9—2—138 of the Illinois Municipal Code. (Ill. Rev. Stat. 1963, chap. 24, par. 9—2—138.) The circuit court of Cook County entered a decree finding that both the city ordinance and section 9—2—138 were constitutional and directed distribution of the surplus funds as provided by the ordinance and statute to the plaintiffs who were owners of record of the assessed property on the date the rebate was declared. Defendants, Raymond Hollis and Mary Hollis, who owned the property in 1957 and paid the entire special assessment in 1957, but sold the real estate prior to 1964 when the rebate was declared, have appealed to this court contending that the ordinance and statute as construed by the trial court deprived them of property without due process of law.

In 1957, defendants, Raymond Hollis and Mary Hollis, owned certain real estate in Park Ridge as to which they paid a special assessment that year in the amount of $828.60 plus interest for the widening, curbing, grading, paving and improving of North Aldine Avenue. In 1958, subsequent to the payment of the special assessment, defendants sold and conveyed the real estate to the plaintiffs, William L. Gorman and Vivien J. Gorman. There was no agreement between the parties as to who would be entitled to a special assessment rebate, if one should later be declared.

In October, 1964, it was determined that there was a surplus of special assessment funds collected for the improvement of North Aldine Avenue, and on October 20, 1964, the city of Park Ridge adopted ordinance No. 64-41

which provided for a *pro rata* rebate of the surplus funds. Section 2 of the ordinance provided: "That said rebate shall be paid to the owners of record of each such lot, block, tract or parcel as of this date, being the time of the declaration of the rebate." The ordinance used substantially the same language as that of the Illinois Municipal Code which provides that surplus special assessment funds "shall be paid to the owner of record of each such lot, block, tract, or parcel at the time of the declaration of the rebate." Ill. Rev. Stat. 1963, chap. 24, par. 9—2—138.

The defendants contend that at the time they paid the special assessment and prior to the time they sold the property, the local improvement article of the Revised Cities and Villages Act provided that any rebate of surplus special assessments was to be made to the "persons entitled thereto" (Ill. Rev. Stat. 1955, chap. 24, par. 84—93); that since they paid the special assessment, they were the persons "entitled to" the rebate; that in 1963, subsequent to the sale of the property, the statute was amended to provide that the rebate should be paid to the owners of the property at the time the rebate was declared; and that to apply the statute as amended in 1963 in the instant case would deprive them of property without due process of law.

Both parties have cited cases from other jurisdictions which deal with the question of who is entitled to a refund of a special assessment under certain refunding provisions in those States. (*City of Grand Rapids* v. *Iosco Land Co.* 273 Mich. 613, 263 N.W. 753; *Neer* v. *Salem,* 77 Ore. 42; *Moffitt* v. *Salem,* 81 Ore. 636.) These cases each involve the construction of particular statutory provisions which differ from the statute we are here concerned with, and for that reason these cases are not particularly relevant to the determination of this case. Rather, we must look to the local improvements article of the Municipal Code to resolve the questions raised in this case.

It is clear that under section 9—2—138 as it existed after the 1963 amendment, the rebate should be paid to plaintiffs. However, even if it be assumed that the pre-1963 provision of the local improvements article of the Revised Cities and Villages Act above cited applies, we do not agree with defendants' basic premise that they were the persons "entitled to" the rebate under that provision. Nor do we agree that defendants would be deprived of property without due process of law if the rebate were paid to plaintiffs.

The nature of special assessments has been considered by this court recently in *City of Waukegan* v. *Drobnick,* 31 Ill.2d 580, 585, wherein we stated that "Money received in payment of special assessments is not available for public use but is received and held by the municipality as trustee for the holders of special assessment bonds, and in the event of an over-collection from the owners of property which has been assessed, it is to be rebated to such owners. * * * A special assessment contains none of the distinctive features of a tax. It is assessed and levied for a special purpose and not for a general purpose, and the assessment is made in the ratio of advantages accruing to the property in consequence of an improvement. Since the assessment can in no case exceed the advantage accruing to the property assessed, it is regarded as but an equivalent or compensation for the increased value the property derives from the improvement the assessment is levied to discharge." A special assessment is levied "against the property and not against the owners of the property. It cannot be made a personal liability against the owners. (*Spring Creek Drainage District* v. *Elgin, Joliet and Eastern Railway Co.* 249 Ill. 260; *Craw* v. *Village of Tolono,* 96 id. 255; *Huston* v. *Tribbetts,* 171 id. 547.)" (*City of Chicago* v. *Marsh,* 251 Ill. 298, 300.) Various provisions of the local improvement articles speak in terms of the land being assessed and section 9—2—138 and its predecessor section 84—93, relating to rebates

provide for a "rebate upon each lot, block, tract, or parcel of land assessed, of its pro rata proportion of that surplus."

We think it clear that the local improvements article of the Municipal Code contemplates that special assessments and any rebates thereof run to and with the real estate itself. Accordingly, the right to receive a rebate is one of the various incidents of ownership of real estate which passes with the title to the real estate in the absence of an express agreement to the contrary. The parties agree that when the property was sold in 1958 there was no agreement between the parties as to who would be entitled to a future special assessment rebate, if any. Under these circumstances, and considering the nature of special assessments, we think that when defendants conveyed the real estate, they also transferred all interest they might have to any special assessment rebates in the future. Therefore, even if we presume that the pre-1963 provision of the statute controls, plaintiffs would be the persons "entitled to" the rebate.

Furthermore, we do not think that defendants can complain that they have been deprived of property without due process of law. The basis for determining the amount of a special assessment against a particular tract of property is the amount by which the property will be benefited from the improvement for which the special assessment is made. Presumably, the value of the property will be increased by the amount of the special assessment. (*City of Waukegan* v. *Drobnick,* 31 Ill.2d 580; *People ex rel. Drobnick* v. *City of Waukegan,* 1 Ill.2d 456.) In this case we assume that the enhanced value of the property which resulted from payment of the special assessment was, or could have been, taken into account in determining the consideration for the sale of the real estate. Therefore, in selling their property, defendants were presumably compensated for the amount they paid as a special assessment, and therefore payment of the rebate of the special assessment to the persons to whom

they sold the real estate would not deprive them of property without due process of law.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*