METROPOLITAN AIRPORT AUTHORITY OF ROCK ISLAND COUNTY, Plaintiff-Appellant, *v.* FARLIZA CORPORATION, Defendant-Appellee.

Third District    No. 77-39

Opinion filed July 25, 1977.

Dennis R. Fox, of Moline, for appellant.

Robert A. Eagle, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
This is an appeal from a judgment of the Circuit Court of Rock Island County determining that Metropolitan Airport Authority of Rock Island County, Illinois, a municipal corporation, has the obligation to pay real estate taxes assessed upon property leased to Farliza Corporation. The Airport Authority had instituted a declaratory judgment action as against defendant Farliza Corporation and asked that the trial court construe a lease between the Airport Authority, as lessor, and Farliza Corporation, as lessee, and to declare the rights and duties of the Airport Authority and the lessee of the premises with relation to the obligation to pay certain real estate taxes for the year 1975 and subsequent years.

The Airport Authority, as lessor, entered into a written lease with defendant Farliza, as lessee, on April 20, 1965, for 10.695 acres of land. The lease had an original term of 40 years and also contained three successive 15-year renewals.

It was provided in the lease that any buildings erected by the lessee, defendant-Farliza, should become a part of the demised premises. The lease also provided that in the event of condemnation of the premises, plaintiff Airport Authority would be compensated for its interest as lessor and defendant Farliza would be compensated for the value of its leasehold estate.

There were two specific references to taxes in the lease. In article VI, paragraph 7, the lease provided:

"Lessee shall bear, at its own expense, all costs of operations and shall pay in addition to rental, all other costs connected with the use of the premises and facilities thereon, including, but not limiting, the generality hereof, maintenance, water, electricity, and all taxes, heat and custodial service and supplies, except as Lessee

may have otherwise agreed in its restaurant lease or motor lodge license agreement."

In a further provision, entitled "Taxes and Assessments," the lease provided in article IX:

"Lessee shall pay, before the same become delinquent, all taxes and assessments lawfully assessed on the leasehold interest on any property of the Lessee on the leased premises.

Lessee shall have the right to contest the applicability, the amount or validity of any taxes or special assessment levied or assessed pertaining to the motel, its operations or the concession premises or to any building, structure or improvement upon the leased premises. If, at any time, payment of a tax or assessment in whole or in part, shall become necessary to prevent a forfeiture, Lessee shall pay the same or cause the same to be paid in time to prevent such forfeiture."

The record indicates that at the time the lease was entered into in 1965, no real estate taxes were being assessed on the property, since the property was owned by the Airport Authority and was being used for Airport Authority purposes and was statutorily exempt from taxation. (Ill. Rev. Stat. 1975, ch. 120, pars. 500, 500.20.) After the defendant Farliza had erected the motor lodge and restaurant on the premises, the County of Rock Island taxed the buildings and improvements on the leased premises. Defendant has paid all taxes levied as against the improvements on the premises including the buildings. In 1975, it paid taxes on such improvements in the amount of $20,393.12. In 1975, for the first time during the term of the lease, the supervisor of assessments for Rock Island County assessed the premises leased to Farliza, as against the Airport Authority. The result was a 1975 Rock Island County tax bill to the Airport Authority for real estate taxes in the amount of $971.10.

Defendant Farliza declined to pay the taxes levied as against the real estate. After hearing the evidence presented and reviewing the briefs and arguments of counsel, the Circuit Court of Rock Island County entered a judgment finding that plaintiff Airport Authority should pay the taxes in question.

The Airport Authority argues that by the terms of the lease and the intentions of the parties, the obligation to pay the real estate taxes should rest upon defendant Farliza, as lessee, and that the Circuit Court was in error in finding the Airport Authority responsible for the payment of real estate taxes. Both parties concede that defendant Farliza is liable for payment of taxes assessed against the buildings and improvements erected by defendant on the leased premises. The argument and issue before the court concerns only the taxes assessed as against the real estate, exclusive of buildings. (Ill. Rev. Stat. 1975, ch. 120, par. 508a.) Section 27a

of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 508a) provides in part:

"The owner of real property on January 1 * * * in any year shall be liable for the taxes of that year."

■■ The general rule applicable is stated by the court in *Carlyle v. Bartels* (4th Dist. 1924), 245 Ill. App. 153, 155:

"It is a general rule of law that, in absence of an agreement upon the part of a lessee, it is the duty of the owner of the land to pay all taxes and special assessments."

(See also *349 West Ontario Building Corp. v. Palmer Truck Leasing Co.* (1st Dist. 1974), 22 Ill. App. 3d 467, 317 N.E.2d 740.) As clearly expressed in 49 Am. Jur. 2d *Landlord and Tenant* §354, at 365-66 (1970):

"In absence of an agreement to the contrary, a tenant for a term of years is, as a general rule, under no obligation to his landlord by reason merely of the relation of landlord and tenant to pay taxes assessed upon the demised premises. * * * It is incumbent upon the landlord if he would relieve himself of the taxes, so as to provide in the lease and contract."

In an annotation 86 A.L.R.2d 670 (1962), under "Summary and Comment," page 673, it is noted that the landlord is normally rather strictly determined to be liable for discharge of the tax burden, and there notes also, "Moreover, it is evident that the courts will only reluctantly interpret an equivocal or ambiguous provision in the lease as operating to shift the obligation to the lessee, and that if the lessor wants to impose the tax burden upon the lessee, he must do so in clear, concise, and express terms." It is thus apparent that unless it is clear that defendant-lessee was required to make payment of the taxes referred to, the landlord Airport Authority would be responsible for payment of the taxes assessed as against the land in the instant case.

Plaintiff first contends that paragraph 7 of article VI of the lease imposes a duty upon defendant to pay the taxes in question. As we have noted, that provision recites that the lessee shall bear "all costs of operations and shall pay in addition to rental, all other costs connected with the use of the premises and facilities thereon," and specifies that among the costs to be paid are "all taxes." In article IX of the lease, as we have also noted (in a section entitled "Taxes and Assessments"), is a provision which more specifically relates to the payment of real estate taxes. That provision specifically requires that the lessee pay "all taxes and assessments lawfully assessed on the leasehold interest on any property of the lessee on the leased premises." It also provides that the lessee should have the right to contest the applicability, the amount or validity of any taxes or special assessments which are levied or assessed pertaining to the motel, its operations or the concession premises or to any building,

structure or improvement on the leased premises. There is no such right expressed against the land itself.

It is apparent that at the time the lease was entered into, no real estate taxes were being assessed on the property for the reason that the property was owned by the Airport Authority and was used for Airport Authority purposes. Apparently, it was not thought that the Airport Authority would be subject to assessment of real estate taxes.

■■ We note, also, that the provision of article IX indicated, at the time of the execution of the lease, a distinction between the "leased premises" and "property of the lessee on the leased premises." We have also pointed out that lessee had the right to object only to the assessment of property of lessee on the leased premises (which apparently was an interpretation of the phrase "leasehold interest" contained in article IX of the lease). We do not find in the lease, any agreement by defendant Farliza to pay taxes imposed upon the real estate as distinguished from the property of the lessee on the leased premises. As stated by the trial court in its written opinion:

> "While it appears that it was contemplated that the lease-hold interest might be taxed, it does not appear that it was contemplated by either party in the lease that the land itself might be taxed."

In view of the record in this cause and the terminology contained in the lease, we do not believe that the trial court was in error in finding that defendant Farliza did not agree in the lease to pay taxes assessed as against the leased real estate in addition to taxes on improvements made by lessee. The possibility of such future assessment apparently was not foreseen when the parties entered into the lease. Consequently, we believe that the trial court properly determined that the duty to pay such land taxes so assessed is imposed upon the landlord Airport Authority.

For the reasons stated, therefore, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.